88 U.S. 36
 22 L.Ed. 527
 21 Wall. 36
 GARDNER
v.
BROWN.
 October Term, 1874
 
 APPEAL from the Circuit Court for the Middle District of Tennessee; the case being thus:
 The Code of Tennessee[1] enacts that every trustee to whom property is conveyed in trust for any person, 'before entering upon the discharge of his duty shall give bond,' &c., for the faithful discharge of his duties. But the act does not declare that if he does not give the bonds he shall cease to be trustee.
 An act of Congress of July 27th, 1866,[2] enacts as follows:
 'If in any suit . . . in any State court against an alien, or by a citizen of the State in which the suit is brought against a citizen of another State . . . a citizen of the State in which the suit is brought is a defendant, &c., . . . or if the suit is one in which there can be a final determination of the controversy, so far as it concerns him, without the presence of the other defendants as parties in the cause, then, and in every such case, the alien defendant, or the defendant who is a citizen of a State other than that in which the suit is brought may, at any time before the trial or final hearing of the cause, file a petition for the removal of the cause as against him into the next Circuit Court of the United States, . . . and it shall be thereupon the duty of the State court to . . . proceed no further in the cause as against the defendant so applying for its removal, . . . and the copies being entered, &c., in such court of the United States, the cause shall there proceed in the same manner as if it had been brought there by original process against the defendant, who shall have so filed a petition for its removal as above provided.'
 This provision of the code and this act of Congress being in force, one Gardner, a citizen of New York, but owning land in Tennessee, conveyed it in trust (the deed of trust being only another form of mortgage) to a certain Walker, a citizen of Tennessee, to secure certain promissory notes, a debt which he owed to Vassar, now deceased, and of whose estate Brown, also a citizen of Tennessee, had become administrator. Walker, as trustee, was authorized, upon default of payment of the debt, to take possession of the mortgaged premises and sell them, upon certain specified terms and conditions.
 In this state of things Brown, the administrator, and as already said a citizen of Tennessee, filed a bill of foreclosure in a chancery court of Tennessee, against Gardner, the debtor, and of New York, and Walker, the trustee, of the same State with himself, for the foreclosure of the mortgage or deed of trust executed by Gardner. The service on Gardner was by publication.
 The bill charged 'that Walker had never given bond as trustee of said trust, and had taken no steps to foreclose the trust, and did not wish or intend to execute the same; and that the complainant had the right to have the trust closed by a sale of the lands free from the equity of redemption, and have the proceeds applied, after the payment of all costs incident to the foreclosure, to the satisfaction of his debts.'
 The answer admitted what was here said as to Walker's not having qualified, & c.
 An amended bill, alleging that all that was said about Walker in the original bill was true, and affirming it, alleged that the deed of trust was written by Walker, and along with the promissory notes which it secured signed, executed, and acknowledged in his presence; that immediately, with the notes, it was delivered to him, and that he received and accepted the notes and deeds, and accepted the trust.
 The State court granted the motion and made the order of removal, but the Circuit Court, being of the opinion that Walker was a necessary party to the relief asked against Gardner, refused to entertain jurisdiction and remanded the cause, and from this, its action, Gardner took this appeal.
 
 Mr. Edward Baxter, for the appellant:
 
 The original bill makes it plain that Walker never accepted the trust. Even in the amended bill the only facts set forth as evidence of acceptance, are that the deed was written by Walker, that it was signed, acknowledged, and executed by the parties in his presence, and then and there delivered to him, together with the notes secured by it, and that he accepted and received the same as trustee.
 Now, a respectable text-writer, Mr. Burrill, says that 'the acceptance must be actually signified by the assignee,' that a mere 'delivery of the instrument without acceptance is nugatory,' and that 'the mere taking the instrument into his hands and retaining it amounts to nothing.'[3]
 But conceding for the sake of argument that such acts would amount to an acceptance under the common law, in the absence of other circumstances appearing in this case, we say that it does not under the Code of Tennessee. In Barcroft v. Snodgrass,[4] the Supreme Court of Tennessee decided that until the requirements of the statute are complied with, the party 'is not legally competent to act as trustee.' It is plain, therefore, that Walker was not the trustee. He did not hold the legal title. He was a useless party. Indeed, he was no proper party at all. The 'final determination' of the cause did not require his presence.
 
 Mr. Henry Cooper, contra:
 
 The essential question is in some degree, one of fact; do the pleadings show that Walker renounced the trust; or that under the code he became incapable of accepting the legal title; or after having had it cast upon him, became subsequently divested of it, by his omission to give bond, &c.?
 The case is this: The trustee was unwilling to comply with the requirement of the code before proceeding to execute the trust, and the complainant was forced to file his bill. But the complainant does not aver that such failure or refusal avoided the trust, or affected the title acquired by the trustee under the deed. The allegation of the bill is, that the trustee had not qualified as trustee, and did not intend to do so. It does not say, nor intend to say, that the trustee had never acquired title to the trust property, nor accepted the trust, and that the failure to qualify divested a title already acquired under the deed. On the contrary, the whole necessity, scope, object, and burden of the bill, is exactly the reverse, and that a valid trust had been created by the deed, and that the legal title vested in the trustee, who, however, would not qualify so as to enable him to enter upon the discharge of his duties and discharge them. The Supreme Court of the State has, in effect, twice decided that the failure of the trustee is merely a ground for his removal, and does not affect the validity of the deed.[5]
 We confine ourselves to the original bill, sufficiently clear, without relying on the amended one, still more specific.
 It may be added that there is nothing in the Code of Tennessee, or in the decisions of its courts, to take this case out of the general rules, recognized in England and America, touching trust deeds. No formal delivery of such a deed is necessary, if the intention to accept sufficiently appears.[6] And it is settled that the acceptance of the trustee, and of the cestui que trust, will be presumed in the absence of proof to the contrary.[7] And acceptance by the trustee will be presumed, if he do not positively renounce, when notified of the trust, even when not actually present, at the execution of the deed.[8]
 In assuming, therefore, as the State court did, that no legal title was in Walker, it was in plain error. The Circuit Court, therefore, rightly refused to entertain the case. There can be no 'final determination' of the cause, upon the supposition that the complainant should be found entitled to relief, unless the property in controversy can be sold under the final decree, so as to give the purchasers a good title. But this cannot be done without having the trustee before the court.[9]
 The CHIEF JUSTICE delivered the opinion of the court.
 
 
 1
 The order of the Circuit Court dismissing this cause and remanding it to the State court is affirmed.
 
 
 2
 By the terms of the mortgage, a deed of trust, Walker, as trustee, was authorized, upon default of payment of the debt, to take possession of the mortgaged premises and sell them upon certain specified terms and conditions. It is claimed in the bill, that he had not qualified himself under the laws of Tennessee to act under this power, and the suit was brought to foreclose the mortgage in chancery, without reference to the special power of sale. Walker, the trustee, was made codefendant with Gardner, the mortgagor, the object being to reach the property in his hands as trustee, and subject it, through the ordinary powers of a court of chancery, to the payment of the debt it was given to secure.
 
 
 3
 The motion of Gardner, the mortgagor, to transfer the cause, as to himself, to the Circuit Court, under the provisions of the act of July 27th, 1866, could not be granted unless there could be a final determination of the cause, so far as it concerned him, without the presence of the other defendant as a party. And we think that the Circuit Court was right in its opinion that Walker was a necessary party to the relief asked against Gardner, and in refusing to entertain jurisdiction and in remanding the cause. The bill prayed a foreclosure of the mortgage by a sale of the land. This required the presence of the party holding the legal title. The complainant had only the equitable title. Walker held the legal title. The final determination of the controversy, therefore, required his presence, and as the cause was not removable as to him, under the authority of Coal Company v. Blatchford,[10] it could not be removed as to Gardner alone.
 
 
 4
 ORDER OF THE CIRCUIT COURT AFFIRMED.
 
 
 
 [1]
 Section 1794.
 
 
 [2]
 14 Stat. at Large, 306.
 
 
 [3]
 Burrill on Assignments (2d ed.), p. 305.
 
 
 [4]
 1 Coldwell, 430.
 
 
 [5]
 Vance v. Smith, 2 Heiskell, 343; Mills v. Haines, 3 Head, 335.
 
 
 [6]
 McEwen v. Troost, 1 Sneed, 186, 191, citing 4 Kent, 456, and Games v. Stiles, 14 Peters, 326, 327; Martin v. Ramsey, 5 Humphrey, 350; Farrar v. Bridges, Ib. 411, where the deed was held complete, although left in possession of the grantor.
 
 
 [7]
 Furman v. Fisher, 4 Coldwell, 626, 630; Farquharson v. McDonald, 2 Heiskell, 405, 418.
 
 
 [8]
 Saunders v. Harris, 1 Head, 185, 206.
 
 
 [9]
 McRea v. Branch Bank of Alabama, 19 Howard, 376; Russell v. Clark, 7 Cranch, 68; see also Shields v. Barrow, 17 Howard, 139.
 
 
 [10]
 11 Wallace, 172.