## THAYER & Another *v.* LIFE ASSOCIATION OF AMERICA & Others.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF WEST VIRGINIA.

Submitted December 16, 1884.—Decided January 5, 1885.

Two citizens of West Virginia conveyed to a trustee certain real property in that State, to secure the payment of notes executed by them to a Missouri corporation, which was subsequently dissolved, and its assets placed in the hands of a citizen of the latter State. Upon default in the payment of the notes, the trustee, under authority given by the deed, advertised the property for sale. The grantors thereupon instituted a suit in equity in one of the courts of West Virginia to enjoin the sale, making the trustee, the Missouri corporation, and the person who held its assets, defendants. Upon the joint petition of that corporation and the defendant holding its assets, the cause was removed to the Circuit Court of the United States, and was there finally determined : *Held*, That since the trustee was an indispensable party, his citizenship was material in determining the jurisdiction of the Circuit Court ; and as that was not averred, and did not otherwise affirmatively appear to be such as gave the right of removal, the decree must be reversed and the cause remanded to the State court.

By a duly recorded deed of August 22, 1872, Otis A. Thayer and William T. Thayer conveyed to Edward B. Knight certain real estate in Kanawha County, State of West Virginia, in trust, to secure the payment of several notes executed by the grantors to the Life Association of America, a corporation created and organized under the laws of the State of Missouri. The deed was upon the condition that if the notes were paid at maturity, and the covenants therein contained were kept and performed, the property should be released ; but if the notes, or any of them, were not paid as stipulated, or if said covenants were not fully kept, then the deed should remain in full force, with the right in the trustee to take immediate possession of the property ; that, after such default, the grantors and their heirs and assigns should hold the premises conveyed as tenants only of the trustee from month to month, and the latter might proceed to sell the property, at public auction, to the highest bidder, on the terms and conditions prescribed by the laws of the State, first giving twenty days' notice of the

time, terms, place of sale, and the property to be sold, by advertisement in some newspaper; upon such sale to execute and deliver a deed in fee simple of the property sold; receive the proceeds of sale, out of which shall be paid, first, the cost and expenses of the trust; next, all amounts expended as aforesaid for taxes and other purposes, with interest, as above mentioned; and then, the amount that might remain unpaid on the notes. The deed also provided that any failure to pay the notes at their respective maturities, or to keep its covenants, should cause all of the notes to become and be considered due and payable, for the purpose of the trust, at the time of such default.

Knight, the trustee, under the authority given by the deed, having advertised the property for sale on the 25th of April thereafter, at public auction, to the highest bidder, for the purpose of satisfying the debt secured by it to the Life Association of America, this suit was commenced in the Circuit Court of Kanawha County, West Virginia, by the grantors in the deed of trust, against The Life Association of America, Wm. S. Relfe, Superintendent of the Department of Insurance of the State of Missouri, and Edward B. Knight, Trustee. The bill showed that by a decree of the Circuit Court of the county of St. Louis, Missouri, the Life Association of America was dissolved, and its assets placed in the hands of the defendant Relfe, as superintendent of the Insurance Department of that State. It set out the consideration of the before-mentioned notes, the execution of the deed of trust, and the proposed sale of the property, by the trustee, at the instance of Relfe. The complainants contended, upon grounds which need not be here stated, that the trust debt was paid, and that there was a balance due them of $91.63. Claiming that the sale of the trust property would be unjust and inequitable, they asked that the trustee be enjoined from selling it; also, that the trust debt be decreed to be extinguished.

A temporary injunction against the sale was issued. In due time the defendants, the Life Association and Relfe, appeared and filed their joint petition and bond for the removal of the cause into the Circuit Court of the United States. The peti-

tion averred that at that time, as well as at the commencement of the action, the complainants were citizens of West Virginia, while the Life Association of America and Relfe were citizens of Missouri. There was no allegation of the citizenship of Knight, the trustee. He was alleged, in the petition for removal, to have no interest in the suit, and to be a nominal party only. The right of removal was recognized by the State court. Subsequently, in the Circuit Court of the United States, a demurrer to the bill was sustained; and no amendment having been made, the suit was dismissed.

*Mr. Charles C. Cole*, and *Mr. J. Holdsworth Gordon*, for appellants.

*Mr. R. G. Barr*, for appellee.

Mr. Justice Harlan delivered the opinion of the court. He recited the facts as above stated, and continued :

The trustee was not a merely nominal party. The object of the suit was to prevent him from selling the property under the power given by the deed of trust. The relief asked could not have been granted without his being before the court. There was no separable controversy between the complainants and the other defendants, touching the sale of the property, which could have been determined between them without the presence of the trustee. He was, therefore, an indispensable party defendant. Whether he had the right and was under a duty to sell the property was the controversy in which all the parties to the suit were interested. His citizenship, therefore, is material in determining whether the suit was one of which the Circuit Court could take cognizance. The record discloses nothing upon that point. He may be—and we infer from the recitals of the deed of trust that he is—a citizen of the same State with the complainants. If such be the fact, the cause was not one that could be removed. As the trustee and the complainants are on opposite sides of the real controversy in relation to the sale of the property, and since it does not appear, affirmatively, that the Circuit Court had jurisdiction, by reason of the citizenship of the parties, the decree must be

reversed, with directions—unless such jurisdiction, upon the return of the cause, shall be made to appear—to remand the suit to the State court. *Coal Co.* v. *Blatchford*, 11 Wall. 172; *Gardner* v. *Brown*, 21 Wall. 36; *Ribon* v. *Railroad Co.*, 16 Wall. 446; *Knapp* v. *Railroad*, 20 Wall. 117; *Grace* v. *American Ins. Co.*, 109 U. S. 278; *Mansfield Railway Co.* v. *Swan*, 111 U. S. 379, 381–2; *American Bible Society* v. *Price*, 110 U. S. 61; *Barney* v. *Latham*, 103 U. S. 205; *Blake* v. *McKim*, 103 U. S. 336.

*It is so ordered.*