### No. 9549.

### SUCCESSION OF KATE TOWNSEND VS. TROISVILLE SYKES ET AL.

To entitle a party to a removal to the United States Circuit Court, there must exist in the suit a separate and distinct cause of action, on which a separate and distinct suit might properly have been brought and complete relief afforded as to such cause of action, with all the parties on one side of that controversy citizens of different States from those on the other.

To say the least, the case must be one capable of separation into parts, so that in one of the parts a controversy will be presented with citizens of one or more States on one side, and citizens of other States on the other, which can be fully determined without the presence of any of the other parties to the suit, as it has been begun.

APPEAL from the Civil District Court for the Parish of Orleans. Tissot, J.

Breaux & Hall for Plaintiff and Appellant.

A. J. Murphy for Defendant and Appellee.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The plaintiff appeals from an order removing this cause to the United States Circuit Court for the Eastern District of Louisiana.

The action is brought to annul a conveyance of real estate by Troisville Sykes to his mother, Mrs. Reuben B. Sykes, and is instituted against both parties; the former a citizen of Mississippi, the latter a citizen of Louisiana.

The order of removal was obtained by Troisville Sykes.

There is but one controversy, the object of which is to determine the validity of the transfer of property to which the plaintiff succession

claims title and which has apparently, but illegally it is claimed, passed from transferrer to transferee.

The ground of action is that the property was fraudulently disposed of by Sykes; that it had been bequeathed to him by Kate Townsend, she appointing him executor and universal legatee; that he was living with her in open concubinage and that he murdered her; that he fraudulently accepted her succession, and without any authority attempted and pretended to transfer the property to his mother.

This suit had of necessity to be brought against the transferee, Mrs. Sykes, a citizen of this State, and had also to be levelled against Troisville Sykes, whose capacity to inherit and dispose of the property had been put at issue and who thus was an indispensable party, whom Mrs. Sykes otherwise would have been bound under the circumstances to call in warranty. C. P. 388.

Joining Troisville Sykes with Mrs. Sykes was not, therefore, an unnecessary proceeding.

The transfer attacked could not have been annulled and the transferee surely protected unless contradictorily with both parties, who thus became indispensable for a final determination of their differences in the present controversy.

The suit is one and indivisible. There exists in it no separate and distinct cause of action on which a separate and distinct suit might have properly been brought and complete relief afforded as to such cause of action, with all the parties on one side of the controversy citizens of different States from those on the other.

The case is not capable of separation into parts, so that in one of the parts a controversy be presented with citizens of one State on one side and citizens of another State on the other, which can be fully determined without the presence of the other party to the suit as it has been begun. Fraser vs. Janison, 106 U. S. 191; also, Removal Cases; 100 U. S. 457; 103 U. S. 336, 205; 104 U. S. 407; 110 U. S. 63; 112 U. S. 719.

The case presented by the record is not one over which the United States Circuit Court could validly entertain jurisdiction.

Under the above authorities, and those to which reference is made in 33 Ann. 520, 34 Ann. 292, 35 Ann. 36, and 36 Ann. 875, and under the rulings in those cases, the order of removal was erroneously granted.

It is therefore decreed that the order of removal appealed from be annulled and reversed, and that this cause be remanded to the lower court for further proceedings according to law.