SHIPP et al. v. WILLIAMS et al.

(Circuit Court of Appeals, Sixth Circuit.   May 8, 1894.)

No. 166.

MORTGAGE FORECLOSURE—JURISDICTION—DIVERSE CITIZENSHIP.

Federal courts have no jurisdiction of a bill by the beneficiary under a deed of trust against the debtor and the trustee to foreclose the deed,—

the trustee having refused to act,—where the trustee and debtor are citizens of the same state, since the trustee, although a defendant, is really on the same side of the case as the beneficiary.

Appeal from the Circuit Court of the United States for the Eastern District of Tennessee.

Bill by Louisa L. Williams and others against J. F. Shipp and others to foreclose a trust deed. Complainants obtained a decree. Defendants appeal.

The original bill was filed in the United States circuit court for the southern division of the eastern district of Tennessee. The complainants are citizens and residents of the state of New York. The defendants are all citizens and residents of the state of Tennessee. The complainants are creditors of the defendants Shipp and wife and Temple and wife by notes exhibited with the bill, and secured by two deeds of trust on real estate in Chattanooga, Tenn. The other defendants are David Woodworth, Jr., and Xen. Wheeler, and are the trustees in the deeds of trust sought to be enforced by decree of sale. The bill alleges that both the trustees had qualified as trustees, and had twice undertaken to execute the trust by selling the property at public sale, after default, by virtue of a power contained in the deeds of trust; that each time the defendants had enjoined the sale under bills filed in a state chancery court upon an allegation of usury. The bill then alleges that the said defendants Woodworth and Wheeler, discouraged by the obstacles thrown in their way for purposes of delay, have "refused and declined to further exercise their duties as trustees under said deeds of trust, and announce their determination to decline the use of their names and services in the matter of foreclosing said deeds of trust." The defendants Shipp and wife and Temple and wife appeared, and demurred to the jurisdiction. The demurrer being overruled, they answered. Upon the final hearing there was a decree in favor of complainants. The defendants have appealed, and assigned errors.

Clark & Brown, for appellants.

Wheeler & McDermott (John Ruhm & Son, of counsel), for appellees.

Before TAFT and LURTON, Circuit Judges, and BARR, District Judge.

LURTON, Circuit Judge (after stating the facts as above). We are clearly of opinion that the circuit court had no jurisdiction, and that appellants' demurrer should have been sustained. It is clear that if Woodworth and Wheeler had filed this bill, as they well might, in their character as trustees, the federal court would have had no jurisdiction, inasmuch as the complainants and defendants would have been citizens of the same state. The result would have been the same if Williams and wife, creditors and beneficiaries under the deeds of trust, had been joined with them as complainants, or made parties defendant along with the debtor defendants. In courts of the United States, where the jurisdiction depends on citizenship, all the coplaintiffs must be competent to sue; and, if there is more than one defendant, each must be liable to be sued in those courts. If a trustee is, by his citizenship, qualified to sue in a federal court, the citizenship of the beneficiary under the trust is wholly unimportant. If the trustee is disqualified by reason of citizenship in the same state as that of the necessary defendants, the suit cannot be entertained, even though the beneficiary might be qualified. The jurisdiction is to be deter-

mined, in all such instances, by the citizenship of the trustee. Coal Co. v. Blatchford, 11 Wall. 172. Neither is the rule changed by the refusal of the trustee to act. His refusal may authorize the beneficiary to exhibit a bill against the debtor to obtain a decree of foreclosure. But, if the legal title to the property conveyed in the trust be in the trustee, then the court could not grant any relief until the trustee was made a party defendant. Gardner v. Brown, 21 Wall. 36; McRea v. Bank, 19 How. 376; Knapp v. Railroad Co., 20 Wall. 117; Thayer v. Association, 112 U. S. 717, 5 Sup. Ct. 355; Peper v. Fordyce, 119 U. S. 469, 7 Sup. Ct. 287. In Gardner v. Brown, cited above, the facts were almost identical with those of the case before us. There the trustee, Walker, and the beneficiary, Brown, were citizens of Tennessee. Gardner, the debtor, was a citizen of New York. Brown filed his bill in the state court, seeking foreclosure, alleging that Walker, the trustee, had never qualified as trustee, and did not intend to qualify, or execute the same. Walker and Gardner were made codefendants. Gardner removed the case to the United States circuit court, alleging that there was a separable controversy, which could be finally determined, so far as he was concerned, without the presence of Walker, his codefendant. From a decree remanding the case to the state court, Gardner appealed. The opinion was by Waite, C. J., who said:

"The motion of Gardner, the mortgagor, to transfer the cause, as to himself, to the circuit court, under the provisions of the act of July 27, 1866, could not be granted unless there could be a final determination of the cause, so far as it concerned him, without the presence of the other defendant as a party. And we think that the circuit court was right in its opinion that Walker was a necessary party to the relief asked against Gardner, and in refusing to entertain jurisdiction, and in remanding the cause. The bill prayed a foreclosure of the mortgage by a sale of the land. This required the presence of the party holding the legal title. The complainant had only the equitable title. Walker held the legal title. The final determination of the controversy, therefore, required his presence, and as the cause was not removable as to him, under the authority of Coal Co. v. Blatchford, it could not be removed as to Gardner alone."

The contention of the appellee is that the trustees are merely formal parties, and that jurisdiction depends upon the citizenship of the real, and not the formal or nominal, parties; and, for this position, counsel cite Brown v. Strode, 5 Cranch, 303; McNutt v. Bland, 2 How. 15; and Walden v. Skinner, 101 U. S. 577. In each of those cases the court did decide that the citizenship of certain formal and nominal parties would not defeat jurisdiction over a controversy between the real litigants, having the requisite diverse citizenship. In Coal Co. v. Blatchford, heretofore cited, Mr. Justice Field distinguished the cases of Brown v. Strode and McNutt v. Bland from cases like the one under consideration by saying:

"There is no analogy between these cases and the case at bar. The nominal plaintiffs in those cases were not trustees, and held nothing for the use or benefit of the real parties in interest. They could not, as is said in McNutt v. Bland, prevent the institution or prosecution of the actions, or exercise any control over them. The justices of the peace in the one case, and the governor in the other, were the mere conduits through whom the law afforded a remedy to the parties aggrieved." 11 Wall. 177.

Walden v. Skinner may be distinguished in the same way, for the executors were held to be purely formal parties, because, by a statute of the state, they might perform the purely ministerial act of conveying the legal title vested in them by statute.

A trustee under a mortgage or a deed of trust is made so by act of the parties. His duties are active. The legal title vested in him by deed cannot be divested, so that a fee may be passed to the purchaser, unless he be a party to the cause. The cases we have cited above absolutely establish the proposition that such a trustee, instead of being a formal or nominal party, is a necessary party where the beneficiary seeks a decree of foreclosure. In the case of Pittsburgh, C. & St. L. Ry. Co. v. Baltimore & O. R. Co., decided at this term, and reported 61 Fed. 705, we said:

"In determining a question of jurisdiction, where it depends upon citizenship, it is unimportant that the pleader has put a particular party upon the one or the other side of the case. Jurisdiction in such cases depends, not upon an arbitrary arrangement of the parties by the pleader, but upon their arrangement according to interest. If, when arranged by interest in the litigated question, all on one side are citizens of a state other than that of those of the other side, then jurisdiction exists."

The duty of arranging parties according to their interests applies as well in cases of original jurisdiction under the first section of the act of March 3, 1875, as it does under the removal section of the same act. Railroad Co. v. Ketchum, 101 U. S. 289; Pittsburgh, C. & St. L. Ry. Co. v. Baltimore & O. R. Co., cited above. Arranging the parties to this suit according to their interests operates to place Woodworth and Wheeler on the same side of the case occupied by the complainants. We then have a case where some of the complainants are citizens of the same state as the defendants. Jurisdiction is thereby defeated. The judgment must be reversed and the bill dismissed for want of jurisdiction. The appellees, Williams and wife, will pay all the costs of both courts.