KROMER v. EVERETT IMP. CO. et al. (GROLL et al., Interveners).

(Circuit Court, D. Washington, N. D. August 10, 1901.)

FEDERAL JURISDICTION—CITIZENSHIP—INTERVENTION.

The only ground for federal jurisdiction in a suit to establish complainant's right as an heir of deceased to an undivided interest in land being the diverse citizenship of complainant and defendants, jurisdiction of the dependent controversy between interveners, also claiming undi-

vided interests as heirs of deceased, and defendants, all citizens of the same state, is ousted by dismissal of the case so far as involving any interest of complainant.

J. M. Epler, for interveners.
Francis H. Brownell, for defendants.

HANFORD, District Judge. This is a suit in equity commenced by Emma Kromer to establish her right as one of the heirs of Edward D. Kromer, deceased, to an undivided interest in certain real estate situated in the city of Everett, and now in possession of the defendants. The complainant claimed the right to sue in this court on the ground of a controversy between citizens of different states; she being a citizen of the state of Oregon, and the defendants being citizens of the state of Washington. The interveners also claim to be heirs of Edward D. Kromer, and came into the case seeking an adjudication of the questions as to their rights to undivided interests in the same real estate. After the interveners had filed their complaint, the complainant, Emma Kromer, for a consideration sold and conveyed all her interest in the property to the defendants, and with her consent the case has been dismissed so far as it involves any title or interest which she may have had in or to the property. The case has been argued and submitted to the court upon the question as to the sufficiency of special pleas filed by the defendants, supported by an answer.

It is my opinion that this court has no jurisdiction of the controversy between the interveners and the defendants. Therefore it will be unnecessary to consider the merits of the case, or the matter pleaded in bar of the action. The pleadings do not present any question of federal law, and there is no ground upon which jurisdiction can be maintained, except the diversity of citizenship between the complainant and the defendants alleged in Emma Kromer's complaint. If the interveners, by reason of the interest which they claim to have in the property, and their voluntary appearance to aid the complainant in her contention, may be regarded as joint plaintiffs and indispensable parties, the case must certainly be dismissed, because the interveners and the defendants are all citizens of this state, and there is no controversy between citizens of different states. The case, however, was originally commenced in this court upon the theory that the interest of the complainant in the property was separable from the interest of the interveners, and that she had a right to wage the suit alone, and that her controversy was capable of being fully determined without the presence of the interveners; and it is now contended that the conveyance of her rights to the defendants has no effect upon the rights claimed by the interveners with respect to the property. The questions to be determined are whether the court has jurisdiction to determine a controversy between citizens of the same state which has been introduced into a suit between citizens of different states by an intervening complainant, and whether the court has been ousted of jurisdiction to determine such separable controversy by dismissal of the suit as to the original parties.

Except questions which might be raised as to the identity of the interveners and their relationship to the decedent, from whom they claim to have derived title to the property, the issues presented by their complaint are identical with the issues presented by the original complaint. On account of their interest in the property, and the effect upon their claim of an adjudication of the issues tendered by the complaint, they are proper parties, and leave to intervene might have been lawfully granted by any court having jurisdiction to determine the rights of all the parties; but as they seek an adjudication of a separable controversy affecting only their rights, which could not have been originally brought into this court either by joining them as co-plaintiffs with Emma Kromer, nor by an independent suit, their scheme of intervention is a mere attempt to evade a rule prescribed for the express purpose of limiting the jurisdiction of United States circuit courts. The rule as to joint parties is concisely stated by Chief Justice Marshall in the case of Strawbridge v. Curtiss, 3 Cranch, 267, 2 L. Ed. 435, as follows:

"Each distinct interest should be represented by persons, all of whom are entitled to sue, or may be sued, in the federal courts; that is, that where the interest is joint each of the persons concerned in that interest must be competent to sue, or liable to be sued, in those courts."

And in the case of New Orleans v. Winter, 1 Wheat, 91–94, 4 L. Ed. 44, the supreme court denied the jurisdiction of a federal court in a case brought by two plaintiffs claiming title to property as joint heirs because one of them was not entitled to sue in a United States federal court. In the opinion by Chief Justice Marshall, the court said:

"In this case it has been doubted whether the party might elect to sue jointly or severally. However this may be, having elected to sue jointly, the court is incapable of distinguishing their case, so far as respects jurisdiction, from one in which they were compelled to unite."

The principle of these decisions, and others in which they have been followed, is that a party not entitled to sue in a federal court in his own right cannot gain admission into a federal court by voluntarily associating himself with a party who has the right, and grafting his controversy upon a separate controversy of which the court has jurisdiction. Consistently with this principle, I am constrained to hold that the defect of jurisdiction has not been obviated by presenting the controversy in a separate pleading, nor by mere delay in introducing the controversy until after jurisdiction of the suit between the original parties had attached. As the case now stands, there is only left for determination a controversy between parties all of whom are citizens of this state; and, regardless of the question as to whether this controversy might have been cognizable in this court as a mere incident of the suit originally commenced, it is now the duty of the court to dismiss it for want of jurisdiction, pursuant to the provisions of the fifth section of the act of March 3, 1875, defining the jurisdiction of circuit courts of the United States (1 Supp. Rev. St. U. S. 83), which provides that:

"If, in any suit commenced in a circuit court, or removed from a state court to a circuit court of the United States, it shall appear to the satisfac-

tion of said circuit court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said circuit court, * * * the said circuit court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require. * * *"

I consider that the case must be dismissed for want of jurisdiction, because the present controversy, when introduced into this court, was a mere dependent upon the original suit, and by the termination of the original suit the dependent controversy necessarily falls. The case cited in which it has been held that, after a court has acquired jurisdiction of the parties and the subject-matter of the cause, subsequent changes by the substitution of new parties, or the mere changing of domicile, will not affect the jurisdiction, are not in point. As long as the subject-matter of a suit of which a court has acquired jurisdiction remains undetermined, the court will disregard changes in the situation of parties; but in this case the whole subject-matter of the original suit has been finally and completely eliminated, and the only support which the interveners' controversy had to rest upon has been removed. I hold that the plea to the jurisdiction is sufficient and valid, and a decree will accordingly be entered dismissing the interveners' bill of complaint.