In re E. T. KENNEY CO.

(District Court, D. Indiana. April 13, 1905.)

No. 1,894.

1. BANKRUPTCY—COMBINATION OF CREDITORS—ASSIGNMENT OF CLAIMS—PROOF OF CLAIMS.

Where several creditors of certain insolvent corporations, before bankruptcy proceedings were instituted, assigned their claims for value to a committee—the intention being that the committee should purchase the property of the insolvents from the receivers and trustees, and sell or dispose of it again in the interest of the assigning creditors—the committee held such claims as trustee of an express trust, or under a power coupled with an interest, and was therefore only entitled to prove all of the claims against the estate of one of the corporations in bankruptcy as a single claim.

2. SAME—RIGHTS OF ASSIGNORS.

The beneficial interest of the assignors in the net proceeds of the claims so assigned after administering the trust by the committee was a mere equitable, unliquidated demand, prior to the settlement of the bankrupt's estate, and was therefore not provable in bankruptcy as provided

by Bankr. Act July 1, 1898, c. 541, § 63b, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447].

3. SAME—TRUSTS—ACTIONS—CESTUIS QUE TRUST—PARTIES.

Where a suit in the federal courts is brought to recover moneys for the benefit of a trust estate, the cestuis que trust are neither necessary nor proper parties.

4. SAME—ADEQUATE REMEDY AT LAW—STATE STATUTES.

Where creditors of a bankrupt before bankruptcy assigned their claims to a committee in trust to purchase the bankrupt's property and sell the same for the benefit of the assignors, the latter had an adequate remedy at law by proof of their claims in bankruptcy proceedings by the committee, and hence were not entitled to prove their equitable interest as claims against the bankrupt estate, notwithstanding the statutes of the state in which the proceedings were pending had abolished the distinction between legal and equitable proceedings, and had adopted a single form of action by the real party in interest.

5. SAME—TRUSTEE—SELECTION.

Where creditors of a bankrupt prior to the institution of bankruptcy proceedings assigned their claims to a committee in trust for the purpose of purchasing the bankrupt's assets from the trustee, and selling them for the benefit of such assignors, as distinguished from the bankrupt's general creditors, the committee was only entitled to a single vote in the selection of a trustee, and not to a vote for each of the claims so assigned.

In Bankruptcy.

Hempstead C. Shaw and Charles A. Dryer, for the Deposit Banking Co. of Delaware, Ohio.

John T. Dye, E. A. Foote, Kline, Tolles & Goff, and James W. Noel, for 118 creditors.

ANDERSON, District Judge. Previous to the filing of the petition in bankruptcy in this case, certain creditors of the Aultman Company and four other "allied" corporations, all of which were insolvent and in the hands of receivers or trustees of the state or federal courts, assigned and transferred, for a valid and sufficient consideration, their claims against these corporations, including all notes, bonds, and other evidences of indebtedness upon which the claims were founded, to E. G. Tillotson and others, of Cleveland, Ohio, who describe themselves as a committee. By the terms of this assignment, it became absolute and irrevocable within 10 days afterwards. The committee has all the rights and powers of ownership over these claims. It can sell or hypothecate them, or make any other disposition of them. It can prove them under receiverships or in bankruptcy, and is entitled to receive all dividends that may be declared upon them. It has all the right and title and interest of the individual creditors in these claims, and is the legal owner of them. On the other hand, the committee has undertaken to buy the property of these insolvent corporations from the receivers and trustees, and sell or dispose of it again in the interest of these particular creditors, as distinguished from the general creditors of insolvent or bankrupt estates, and finally to account for the net proceeds that are realized after a deduction of all costs and expenses, including a remuneration for the services of their attorneys and themselves. One hundred and eighteen of these creditors, who

owned and held claims against the bankrupt previous to the assignment and transfer of them to the committee, proved separate claims against the estate in bankruptcy at the first meeting of the creditors for the choice of a trustee, and claimed the right to cast 118 votes. The referee allowed them to prove separate claims, but held that, for reasons of public policy, they should not be allowed to cast more than 1 vote. Under this ruling of the referee, there was not a majority in number and value of the votes cast for any person or corporation as trustee, and the referee thereupon appointed as trustee the Indiana Trust Company, which had been acting as receiver of the E. T. Kenney Company, by appointment of the Marion superior court, for more than five months, and whose administration of its affairs is unobjectionable. Exceptions to the ruling of the referee were taken by the 118 creditors, and cross-exceptions to his allowance of any claim or vote of these 118 creditors, or any one of them, were also taken by the Deposit Banking Company of Delaware, Ohio, and the ruling of the referee is now before the court for review upon both exceptions and cross-exceptions.

This combination of creditors for the control of judicial proceedings in their own interest, as distinguished from the interest of the general creditors, for whose benefit the proceedings in bankruptcy are instituted, and out of whose money the costs and expenses of such proceedings, including the fees of Kline, Tolles & Goff, the solicitors for the petitioning creditors, who are also solicitors for the committee and the 118 creditors, are paid, is clearly against public policy, for the reasons assigned by the referee, and for other reasons which are equally obvious. One of these reasons is that it is a part of the undertaking and purpose of the committee to purchase in the interest of a portion of the creditors, as a single interest, from the trustee who represents all the creditors, the property of the bankrupt; and it is certainly undesirable that they should be permitted to select the trustee from whom such purchase is to be made. A single interest should vote as a single interest, and not otherwise. In re Messengill (D. C.) 7 Am. Bankr. Rep. 669, 113 Fed. 366; In re Coburn (D. C.) 11 Am. Bankr. Rep. 212, 126 Fed. 218; Moulton v. Coburn (C. C. A.) 12 Am. Bankr. Rep. 553, 131 Fed. 201; Lowenstein et al. v. McShane Mfg. Co. (D. C.) 12 Am. Bankr. Rep. 601, 130 Fed. 1007; In re Frank, Fed. Cas. No. 5,050.

The referee held, upon the evidence, that the various instruments and agreements conferred upon the committee powers coupled with an interest, and also that the members of the committee are trustees of an express trust, and that the legal title in all these claims is in them. If the powers of the committee were coupled with an interest or legal title in the claims, it is not "a substitute acting in the place and name of another, but is a principal acting in its own name," or the names of its members, and these claims should have been proved by them as a single claim, accordingly. Hunt v. Rousmanier, 8 Wheat. 174, 5 L. Ed. 589.

As trustee of an express or implied trust, the legal title is in them, and it must be conceded that the whole amount due the trust estate,

or themselves as trustees, might have been proved by them as a single claim. But it is contended that each of these 118 creditors has a beneficial interest in his original claim, which is a provable claim in bankruptcy. His beneficial interest is in the net proceeds of his original claim after the costs and expenses of administering the trust by the committee are paid, and not in the claim itself. It is therefore unliquidated, and could not become a provable claim in bankruptcy until after its liquidation according to the provisions of the bankrupt act, § 63b (Act July 1, 1898, c. 541, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447]).

A court of bankruptcy has such jurisdiction "at law and in equity" as will enable it to exercise jurisdiction in the allowance or disallowance of claims. Section 2. But the distinction between law and equity is preserved in it, as in all other courts of the United States. "By the language of the Constitution, it is expressly declared (article 3, § 2, cl. 1) that the judicial power of the United States shall extend to all cases in law and equity arising under the Constitution, the laws of the United States, and treaties made under their authority. By the statute which organized the judiciary of the United States, it is provided that the Circuit Courts shall have jurisdiction of suits of a civil nature 'at common law or in equity.' Vide 1 Stat. 78, c. 20, § 11. In the interpretation of these clauses of the Constitution and the statute, the court has repeatedly ruled that by cases at common law are to be understood suits in which legal rights are to be ascertained and determined, in contradistinction to those where equitable rights alone are recognized, and equitable remedies are administered. Vide Parsons v. Bedford, 3 Pet. 447, 7 L. Ed. 732, and Robinson v. Campbell, 3 Wheat. 212, 4 L. Ed. 372. That by cases in equity are to be understood suits in which relief is sought according to the principles and practice of the equity jurisdiction, as established in English jurisprudence." Irvine v. Marshall et al., 20 How. 558, 564, 15 L. Ed. 994.

The constitutional grant of judicial power to all courts of the United States, upon which the separation of law and equity is founded (article 3, § 2), and the legislative grant of jurisdiction to courts of bankruptcy (section 2, Bankr. Act), are in the same words. General order No. 37 in bankruptcy (89 Fed. xiv, 32 C. C. A. xxxvi) expressly provides:

"In proceedings in equity, instituted for the purpose of carrying into effect the provisions of the act, or for enforcing the rights and remedies given by it, the rules of equity practice established by the Supreme Court of the United States shall be followed as nearly as may be. In proceedings at law, instituted for the same purpose, the practice and procedure in cases at law shall be followed as nearly as may be."

Only such claims are provable in bankruptcy as are made provable by section 63, and it does not include equitable claims, unless they are included under the description of unliquidated claims, which are made provable only after they are liquidated. All other claims enumerated in section 63 are legal claims, and a statutory mode of proof is prescribed for them in section 57. The claim of the trustees is a legal claim, and within the terms of that section. A claim

must be legal or equitable, and it must be provable either upon the law side or the equity side of the court of bankruptcy, if provable at all. A cestui que trust has not any standing in a court of law. The right of action in a court of law is in the trustees only. Even in a court of equity, or on the equity side of a court of the United States, the trustee is always an indispensable party; and, where the suit is to recover moneys for the trust estate, the cestuis que trust are neither necessary nor proper parties, as was held by the Supreme Court of the United States in a case almost identical with the present one. Carey v. Brown, 92 U. S. 171, 23 L. Ed. 469. See, also, Kerrison v. Stewart et al., 93 U. S. 155, 23 L. Ed. 843; Coal Co. v. Blatchford, 11 Wall. 172, 20 L. Ed. 179; Knapp v. Railroad, 20 Wall. 117, 22 L. Ed. 328; Thayer v. Life Ass'n, 112 U. S. 717, 5 Sup. Ct. 355, 28 L. Ed. 864; Dodge v. Tulleys, 144 U. S. 451, 12 Sup. Ct. 728, 36 L. Ed. 501; Shipp v. Williams, 62 Fed. 4, 10 C. C. A. 247; Shirk v. City of Lafayette (C. C.) 52 Fed. 857; Morris v. Lindauer, 54 Fed. 23, 4 C. C. A. 162; Gardner v. Brown, 21 Wall. 36, 22 L. Ed. 527; Smith v. Portland (C. C.) 30 Fed. 737; Hickox v. Elliott (C. C.) 22 Fed. 13; Cowen v. Adams, 78 Fed. 544, 24 C. C. A. 198; Story v. Livingston, 13 Pet. 359, 10 L. Ed. 200; Manson v. Duncanson, 166 U. S. 543, 17 Sup. Ct. 647, 41 L. Ed. 1105; Elwell v. Fosdick, 134 U. S. 500, 10 Sup. Ct. 598, 33 L. Ed. 998; McArthur v. Scott, 113 U. S. 340, 5 Sup. Ct. 652, 28 L. Ed 1015; Beals v. Illinois, etc., R. Co., 133 U. S. 290, 10 Sup. Ct. 314, 33 L. Ed. 608; Shaw v. Little Rock, etc., R. Co., 100 U. S. 605, 25 L. Ed. 757; Corcoran v. Ches. & Ohio Canal Co., 94 U. S. 741, 24 L. Ed. 190.

If any cestui que trust in the present case were permitted to prove a claim on the equity side of the court in bankruptcy, it should be a single claim on behalf of himself and all other cestuis que trust for the whole amount due the trust estate, and not for his individual interest therein.

But it is very earnestly contended that the statutes of Indiana, which have abolished the distinction between legal and equitable proceedings, and adopted a single form of action by the real party in interest, in which legal and equitable proceedings are blended, apply to the courts of the United States, under the provisions of section 914, Rev. St. [U. S. Comp. St. 1901, p. 684], concerning suits at law, etc., and make these 118 claims provable in bankruptcy. None of these 118 creditors has proved or sought to prove a claim for his beneficial interest. Each of them has proved the whole amount of his original claim, which was assigned and transferred by him to the committee previous to the bankruptcy proceedings, and is now seeking to recover the whole amount of dividends upon it which legally belong to the committee. But even if they had proved or sought to prove their equitable interest, it is well settled by the decisions of this court, the Circuit Court of Appeals, and the Supreme Court of the United States that a state legislature cannot give a court of the United States jurisdiction upon its law side over a suit founded upon an equitable title or interest, and it cannot authorize the institution of a suit in any court of the United

States upon an equitable title or interest where there is a plain, adequate, and complete remedy at law, as there is in the present case by the members of the committee as trustees. Fenn v. Holme, 21 How. 481, 16 L. Ed. 198; Lindsay v. Bank, 156 U. S. 485, 15 Sup. Ct. 472, 39 L. Ed. 505; Jewett Car Co. v. Const. Co. (C. C.) 107 Fed. 622; Jewell Filtration Co. v. Sullivan (C. C.) 111 Fed 179; Scott v. Neely, 140 U. S. 106, 11 Sup. Ct. 712, 35 L. Ed. 358; Scott v. Armstrong, 146 U. S. 499, 13 Sup. Ct. 148, 36 L. Ed. 1059; Jones v. Fidelity Co. (C. C.) 123 Fed. 506; McManus v. Chollar, 128 Fed. 902, 63 C. C. A. 454; Mining Co. v. Strickley, 116 Fed. 854, 54 C. C. A. 186; Schoolfield v. Rhodes, 82 Fed. 153, 27 C. C. A. 95; Davis v. Davis, 72 Fed. 81, 18 C. C. A. 438.

A "creditor," within the meaning of the bankrupt act, § 1 (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3419]), is one who "owns" a claim, and the owner of a beneficial interest in a claim does not own the claim itself.

The choice of a trustee by the creditors is, under the provisions of general orders of the Supreme Court No. 13 (18 Sup. Ct. vi), subject to the approval of the referee or the judge, and a trustee chosen by the creditors is removable by the judge.

The exceptions of the 118 creditors, and each of them, to the ruling of the referee, are overruled, and the cross-exceptions of the Deposit Banking Company of Delaware, Ohio, to the ruling of the referee, are sustained, and the appointment of a trustee by him is approved.