## FIDELITY BOND & MORTG. CO. v. GRAND LODGE, I. O. O. F. OF TENN. et al.

### No. 5521.

Circuit Court of Appeals, Sixth Circuit.

June 11, 1930.

T. H. Malone, of Nashville, Tenn. (Lowell W. Taylor, of Memphis, Tenn., on the brief), for appellant.

J. R. Aust, of Nashville, Tenn. (Aust, Cornelius & Wade, of Nashville, Tenn., on the brief), for appellees.

Before DENISON and HICKENLOOPER, Circuit Judges, and WEST, District Judge.

WEST, District Judge.

This is an appeal by Fidelity Bond & Mortgage Co., a corporation of the state of Missouri, from a decree of the District Court, which dismissed for lack of jurisdiction so much of appellant's bill as sought the foreclosure of a trust deed.

The deed was executed by the Grand Lodge I. O. O. .F. of Tennessee as grantor, to Nashville Trust Company as trustee, both these parties being Tennessee corporations, and the appellant also executed it as a party. By this trust deed or mortgage, the grantor conveyed to the trustee a parcel of land in the city of Nashville, Tenn., with all existing or future improvements thereon and the rents thereof, in trust and to secure ten bonds of the grantor, amounting to $450,000, due September 15, 1928, and annually thereafter in various amounts, with interest coupons attached; and also to secure advances which appellant might make of funds necessary to complete the erection and equipment of a contemplated office building upon the property, if the grantor should fail to complete the same within twelve months, as it covenanted to do; and advances by appellant or holders of not less than one-fourth the bonds outstanding, necessary to discharge taxes and keep the property in repair or insured, etc.

Each bond bore the guaranty of the appellant to repurchase same with interest coupons at their respective maturities for par.

Article VII of the trust deed provided that upon default by the grantor in the payment of principal or interest of any bonds or in the performance of any other covenant of the deed, and upon demand, possession of the mortgaged premises might be taken by the appellant, which was thereupon authorized to manage, use, and operate the same and receive and collect rents, pay operating expenses, including reasonable compensation to itself, taxes and charges prior to the lien of the mortgage, repairs and renewals, within the amount of income so derived, and apply the balance remaining upon overdue bonds and interest.

The deed contained covenants by the grantor to repay to appellant advances to complete the building, and that the same with interest "shall be deemed a charge on said premises to the same extent and in all respects as provided for bonds herein" (article III, § 2); and to pay to appellant all moneys advanced or expended to procure insurance or discharge taxes, protect the property, etc., with reasonable compensation for looking after these matters, "all of which sums shall be deemed a first lien on the premises and a charge on said premises prior to the bonds hereby secured, and are declared to be additional indebtedness secured by this indenture." Article VI.

The bill and amendment thereof filed in the district court by the appellant made the Grand Lodge, the trustee, and Bolling & Hinrichs, a partnership composed of citizens of Tennessee, defendants. It set up the trust deed and its covenants as the sole source of the rights which it sought to enforce, and asserted diversity of citizenship as the ground of federal jurisdiction. It alleged that appellant sold the bonds to the public, subject to its guarantee to repurchase, and had repurchased and was the owner of bond No. 1 for $15,000, past due and wholly unpaid, as well as certain interest coupons due and paid only in part, and that a considerable sum was overdue on a second bond; and that the grantor, having delayed construction of the building, appellant had, pursuant to article III, caused the same to be completed at a cost of $8,075.24, which amount, by the terms of the deed, was secured thereby and became a lien upon the premises. It also charged the grantor with failure to keep its agreement to maintain insurance on the trust property, and alleged that to protect the interest of the bondholders, appellant procured such insurance at a cost of $2,092.51, which was a lien upon the property; and that in

taking over and operating the building, traveling expenses in the amount of $388.04 were incurred by it, which were also a lien.

By amendment it was alleged that the advances for insurance constituted a lien prior to the lien of the bonds, and that appellant asserted its liens for advances against the trustee and bondholders, as well as against the grantor; and that possession of the mortgaged premises had been taken pursuant to the provisions of article VII.

Bolling & Hinrichs were alleged to have instituted a suit for damages for breach of contract against the Grand Lodge in the chancery court of Davidson county, Tenn., and to be about to apply for a receiver to take charge of the premises. Asserting that its right to possession conferred by the trust deed was superior to that of any receiver who might be so appointed, appellant prayed for an order enjoining Bolling & Hinrichs from making such application; for a decree foreclosing the trust deed to the extent of bonds and coupons held by appellant, and of other items alleged to have been paid out by it, without prejudice to the rights of holders of unmatured bonds and coupons; and for judgment against the Grand Lodge for the amount of bonds, coupons, advances, and attorneys' fees. By amendment, appellant prayed that if it was not entitled to a partial foreclosure, as desired, its lien for the moneys advanced for the completion and operation of the building and for insurance be decreed and enforced.

The Grand Lodge and Nashville Trust Company filed a motion to dismiss the bill for lack of jurisdiction, and, to the extent that it sought foreclosure, the bill was dismissed.

Many of the usual duties of trustees of such mortgages are in this case to be performed by the Fidelity Bond & Mortgage Company; but certain of these duties are retained by the trustee, among which: It authenticates bonds if genuine; acts in the exchange of temporary for permanent certificates and in replacement of lost bonds (article I, §§ 1, 3, 4); in case of grantor's default, on request of appellant and on being indemnified, the trustee is required to take steps to protect the bondholders by action, suit, or *otherwise*, as advised by counsel (article VII, sec. 2); upon any default continuing for thirty days the trustee may and, upon request of the holders of one-third of the outstanding bonds, must declare all bonds due (article VIII); upon default by grantor

and consequent acceleration of the debt (acceleration is optional), the trustee may take and sell the property after advertisement, making deed to the purchaser and applying the proceeds (article IX); upon default in payment of the indebtedness secured, or failure of grantor to perform any of its covenants (this includes repayment of advances by appellant) the trustee may enter and take possession, accounting for net rents. For refusal or inability to act, it may be removed by the owner of the indebtedness secured (article IX). Aside from these affirmative duties, the trustee has authority to enforce rights of bondholders, as is clearly implied from the provisions of sections 2 and 5, art. X, that in appropriate proceedings the trustee shall be entitled to have a receiver appointed, and that no proceeding to collect or foreclose shall be instituted by a bondholder until either the trustee or the appellant has been requested and has refused to take such action. Having these rights and active duties as shown by the deed, a copy of which is attached to and made a part of the bill, and holding the legal title to the property, Nashville Trust Company was a necessary party to so much of the suit as sought foreclosure. Gardner v. Brown, 21 Wall. (88 U. S.) 36, 22 L. Ed. 527; Susquehanna & W. V. R. & Coal Co. v. Blatchford, 11 Wall. (78 U. S.) 172, 20 L. Ed. 179; Thayer v. Life Ass'n, 112 U. S. 717, 5 S. Ct. 355, 28 L. Ed. 864; Shipp v. Williams, 62 F. 4 (6 C. C. A.).

■ The bill alleged possession of the premises and rents taken by appellant pursuant to the provisions of the trust deed, by virtue of which its right to possession was averred to be paramount to the rights and claims of all persons whomsoever. It prayed an injunction preventing Bolling & Hinrichs from disturbing this possession through a receivership. So far as Bolling & Hinrichs was concerned, that was all the bill required of the court. But mere possession of the building and the right to collect and apply its rents were not sufficient for appellant's purposes; it further sought the aid of the court to foreclose the mortgage to the extent of the bonds and coupons held by it and the advances it had made; or at all events, to enforce the mortgage lien for advances made to complete the building and to maintain insurance. To this foreclosure feature of the bill, the trustee was a necessary party under the above authorities. And it is clear that so far as disclosed by the bill, it had no contest with or interest adverse to the appellant in respect

to any of these matters. It is a party to the deed and bound by its terms. No more need be said than that as shown supra, it is required as trustee, upon proper demand, to institute suit to protect the bondholders' rights; or it may take possession of the property and sell it as security for all indebtedness of the Grand Lodge to the appellant, advances as well as bonds; in other words, either independently or with the court's aid, the trustee is authorized to take such action as will secure every right of the appellant under the trust deed.

This being the situation, it was the duty of the district court to dismiss, as it did, for, upon aligning the trustee upon the plaintiff's side of the case where its real interest lay, diversity of citizenship and jurisdiction over the foreclosure disappeared. Pacific R. Co. v. Ketchum, 101 U. S. 289, 25 L. Ed. 932; Shipp v. Williams, supra; P. C. & St. L. R. Co. v. B. & O. R. Co., 61 F. 705 (6 C. C. A.); Gardner v. Brown, supra; First Nat. Bank v. Radford Trust Co., 80 F. 569 (6 C. C. A.).

■ The relief sought against Bolling & Hinrichs was injunction, restraining action which would interfere with appellant's possession, taken under authority of the trust deed. To this possession the trustee makes no objection, nor has it asserted any right or desire to have possession itself. Under these circumstances we think the trustee was neither a necessary nor proper party to the cause of action against Bolling & Hinrichs.

■■ The cause of action seeking foreclosure was directed against the defendants other than Bolling & Hinrichs. It was not ancillary to the cause for injunction, as was held by this court of a complaint of unfair competition, joined in a suit against a single defendant with one for infringement of a registered trade-mark. Vogue Co. v. Vogue Hat Co. (C. C. A.) 12 F.(2d) 991. Furthermore, any jurisdiction based upon its ancillary character was lost prior to action by the district court upon the motion, for some six months before such action Bolling & Hinrichs settled their claims against the grantor out of court. Cabaniss v. Reco Mining Co., 116 F. 318 (C. C. A. 5); Kromer v. Everett Imp. Co. (C. C.) 110 F. 22.

If appellant had sued Bolling & Hinrichs, joining the trustee and the grantor, but asking no relief other than injunction, the district court would not thereby have acquired jurisdiction of a cross-bill for foreclosure

filed by the trustee. The court's right to rearrange the parties according to their real interests is not so easily evaded as that. Gaddis v. Junker (D. C.) 27 F.(2d) 156. And it is not seen that the situation is substantially different, where, as here, appellant has joined its independent causes of action, and upon them itself seeks both injunction and foreclosure.

The statement in the Vogue Case, supra, at page 994 of 12 F.(2d), that where diverse citizenship is found to exist, the court goes forward and considers all questions involved, is, of course, to be taken to mean that when the court, after properly aligning the parties, finds the existence of diverse citizenship, it goes forward, etc.

As such alignment by the court below disclosed the nonexistence of diversity, in respect of the foreclosure, that was the end of that portion of the case in that court.

The appellant takes the position that its liens for advances to complete the building and to secure insurance are or at least may be antagonistic and adverse to the claims of the bondholders, who are represented by the trustee, and that therefore the latter should remain a defendant. The lien for advances to complete the building is made equal with the lien of the bonds; while the lien for insurance is first in order; the parties so covenanted in the trust deed and no one is contending otherwise. So long as no claim antagonistic to some feature of that document or the construction placed upon it in the appellant's bill is set up and relied on, it cannot be said that conflicting or adverse interests of the trustee and appellant are involved. Further, if among the liens asserted by appellant, any can be said to be adverse to the rights represented by the trustee, it must be the prior lien for insurance. But as that is for less than $3,000, it alone does not support the jurisdiction.

As the record discloses settlement of the claim of Bolling & Hinrichs against the Grand Lodge, with consequent ending of any controversy growing out of such claim, the decree appealed from should be regarded as disposing of all substantial questions remaining and as final. However, the dismissal, being for want of jurisdiction, should have been without prejudice, and the decree should be modified accordingly; and in all other respects it is affirmed. The case will be remanded for such modification. Appellees will recover costs in this court.