

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 28, 1961

Honorable Henry Wade
District Attorney
Records Building
Dallas 2, Texas

Opinion No. WW-1157

Re: Construction of Article
2922-15, Vernon's Civil
Statutes, relative to
transportation of pupils
to and from schools in
cities.

Dear Mr. Wade:

In reference to the above captioned matter you have submitted the following questions:

"1. Are children who live within cities denied transportation if they live within two miles from a bus line, even though such bus does not go anywhere reasonably near their school?

2. Is the "public transportation" intended by the statute limited to city bus systems, or does it extend to any form of public transportation such as Greyhound Bus lines, and the like?

3. Is the "public transportation" intended by the statute to include shuttle buses which are operated by the city bus system but which do not run at hours which would serve school children who must meet the school system hours for the beginning and ending of school?

4. What city is intended by the words "cities having public transportation", when parts of the Dallas Independent School District include /a portion_7 but not all of the City of Dallas, and there are parts of cities, such as Highland Park, University Park, Rylie, and etc., which lie within the Dallas Independent School District, and the children live within two miles of a City of Dallas bus route, but do not live within the corporate limits of the City of Dallas?

5. Do the words "nearest practical route" include a measurement in the opposite direction from the particular school which the child must attend?

6. Do the words "nearest practical route" include a route which:

    (a) Has no sidewalks requiring that a child walk in the street;

    (b) Has no paved street;

    (c) Requires that the children use alleys, paved or unpaved;

    (d) Requires that the children traverse an area which offers more than the usual and ordinary hazards and dangers for children?

7. When the act deals with children who live within two miles of public transportation, is it intended that the particular transportation available to a particular child must afford a reasonable and practical means for that child to travel to his or her particular school?"

In connection with the above questions you submitted the following factual situations:

"In the City of Dallas many bus lines will come to the downtown area but come nowhere near a particular school. In some instances children theoretically could ride across town to some point and secure a transfer to another line that might take them near their particular school. In many cases the children may be too young and inexperienced to ride over the city alone and make transfer connections - and the time consumed in some instances would make the transfer completely impractical. In other instances there may be no bus to which a transfer can be had which will go anywhere near a particular school."

Before reaching your questions, we point out that nothing in the legislative scheme bearing upon the subject prohibits local school authorities from furnishing inter-city transportation facilities for their students if it is within their financial means. We know that this is actually done at this time in some cities entirely at the expense of the local school authorities and/or the parents of children desiring such service.

We also point out that the statutes bearing upon the subject confer no affirmative property right upon anyone to receive

free transportation for school children. The legislation in question merely permits payment from the state to reimburse local authorities for service furnished under certain circumstances and forbids reimbursement from state funds under other circumstances. Nothing in the law prevents such service from being furnished through local authorities if they deem it advisable and feasible to do so.

Subsection 3 of Article 2922-15, Vernon's Civil Statutes provides as follows:

"All bus routes and transportation systems shall be reviewed by the State Commissioner of Education and he shall be responsible for establishing criteria for evaluating the several transportation systems of this state, but all such criteria shall be subject to the approval of the State Board of Education. The Commissioner shall evaluate all transportation systems as rapidly as possible. No new bus routes or bus route extensions shall be approved prior to the survey of the transportation system of the district or county requesting new equipment or extensions. In cities having public transportation, no child residing within the city limits of such city shall be eligible to be transported at state expense unless such child resides more than two (2) miles, measured by the nearest practical route, from public transportation service of such city.

"In approving a transportation system for a district or a county, consideration shall be given to providing transportation for only those pupils who live two (2) or more miles from the school they attend, and no consideration shall be given to providing transportation for pupils from one district to another when their grades are taught in their home districts unless the transfer of such pupils has been approved by the County Boards of School Trustees as provided by law. There shall be no duplication of bus routes or duplication of services within sending districts by buses operated by two (2) school districts and/or counties except upon approval by the Commissioner of Education. All funds paid to the several transportation units for the operation of transportation systems of this state shall be expended for no other purpose. The Commissioner of Education shall formulate rules and regulations

for enforcing the transportation sections of this
Act, subject to the approval of the State Board of
Education. Appeals may be had from policies of
County Boards of Trustees affecting transportation
to the Commissioner of Education, and to the State
Board of Education in matters relating thereto."

The phrase "public transportation service" is of primary
importance in properly answering your principal question.

The word "public" has been defined to mean:

"Public, adj. Pertaining to a state, nation,
or whole community; proceeding from, relating to,
or affecting the whole body of people or an entire
community. Open to all; notorious. Common to all
or many; general; open to common use. . . . 10F.
621. Belonging to the people at large, relating to
or affecting the whole people of a state, nation,
or community; not limited or restricted to any par-
ticular class of the community . . . 111 A.L.R.
721." Black's Law Dictionary, Fourth Edition.

"Transportation" has been defined to mean:

"The removal of goods or persons from one
place to another, by a carrier." 154 U.S. 447, 5
S.Ct. 826, 22 L.Ed. 827, 29 L.Ed. 158, 38 L.Ed. 1047,
Black's Law Dictionary, Fourth Edition."

The term "transportation service" has been defined by the
Court of Appeals of Kentucky to mean "transportation service is
one which essentially requires no other service to complete the
object of the shipper." Andrews Steel Co. v. Davis, 276 SW 148
(1925). In support of the above statement as to the meaning of
the term "transportation service" the court cited the following
cases: Vicksburg, S. & P.R. Co. v. R.R. Commission, 137 La.
747, 69 So. 161; Sparta Gas & Elec. Co. v. Illinois Southern
R. Co., 247 Ill. 346, 93 N.E. 312; Grand Trunk R. Co. v. Michi-
gan R. Co. (D.C.) 198 F. 1009, affirmed in 231 U.S. 457, 34 S.
Ct. 152, 58 L.Ed., 310; and J. B. Doppes Sons Lumber Co. v. C.,
N.O. & T.P.R. Co., 92 Ohio St. 206, 110 N.E. 640, L.R.A. 1916D,
452.

The object of the school child is to reach the school, and
if the public transportation does not go to the school or the
vicinity thereof, it would require "other service to complete the
object of the" child, and hence would not constitute "transpor-

tation service" as that term is used in the statute.

It seems clear to us from reading Section 3 of Article 2922-15 in its entirety that it was the evident intention of the legislature to deal with adequate transportation of children to and from the public schools.

This interpretation is buttressed by the expression of legislative intent contained in the emergency clause of Article 2922-15, wherein it is stated, "The urgent need to provide a more efficient and equitable system for the transportation of public school pupils creates an emergency, etc." (Emphasis ours.)

Your detailed questions concern problems raised by special fact situations which should be resolved not by this office, but in accordance with the procedure set forth in Article 2922-15, V.C.S.

As set forth above, Section 3 of Article 2922-15 provides:

"All bus routes and transportation systems shall be reviewed by the State Commissioner of Education and he shall be responsible for establishing criteria for evaluating the several transportation systems of this state, but all such criteria shall be subject to the approval of the State Board of Education." and

". . . The Commissioner of Education shall formulate rules and regulations for enforcing the transportation sections of this Act, subject to the approval of the State Board of Education. Appeals may be had from policies of County Boards of Trustees affecting transportation to the Commissioner of Education, and to the State Board of Education in matters relating thereto."

The above language provides that the Commissioner is required to "formulate rules and regulations for enforcing the transportation sections of this Act, subject to the approval of the State Board of Education." We are confident that the Commissioner will perform this duty in harmony with this opinion. Copies of these rules and regulations, upon approval by the State Board of Education, should be furnished the County Boards of Trustees and other local school authorities for their guidance. The local school authorities should make the initial determination in light of this opinion and such rules and regulations, as to whether transportation to and from school, in a

Honorable Henry Wade, page 6 (WW-1157)


particular fact situation may merit assistance from the state, after reviewing the factual situation involved. Of course, the decision by the local authorities is subject to being reviewed by the Commissioner of Education and the State Board of Education as stated in said Article.

The Texas Education Agency may furnish financial assistance to local school authorities for transportation provided by such local authorities for students who reside two or more miles from a public transportation service to and from the school.

Whether the public transportation service available in the particular city is adequate or suitable or practical for a particular student or a particular school is a fact question that must be initially resolved by the local school authorities in accord with rules and regulations prescribed by the Commissioner of Education and approved by the State Board of Education.


Yours very truly,

WILL WILSON
Attorney General of Texas


By: W. V. GEPPERT
W. V. GEPPERT
Assistant

WVG/rd

APPROVED:
OPINION COMMITTEE
H. Grady Chandler, Chairman

Marvin Thomas
Henry G. Braswell
Marietta Payne
Riley Eugene Fletcher

REVIEWED FOR THE ATTORNEY GENERAL
BY:
    Houghton Brownlee, Jr.