CAYLOR v. COOPER et al.

(Circuit Court, S. D. New York. December 22, 1908.)

1. TRUSTS (§ 123*)—TRUSTEES—TITLE.
   Where a deed of trust stipulated that the trustees named were to hold the property for a certain period, one of them to have physical possession and the evidence of ownership, subject to periodical examinations by the other, the trustees held the legal title jointly.

   [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 167; Dec. Dig. § 123.*]

2. TRUSTS (§ 257*)—ACTIONS—PARTIES.
   When two or more trustees hold property jointly, both or all in general are necessary and indispensable parties to any action concerning it.

   [Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 363, 368; Dec. Dig. § 257.*]

3. PARTIES (§ 35*)—REFUSAL TO JOIN AS PLAINTIFF—MAKING DEFENDANT.
   Where two trustees hold the title to trust property jointly, if litigation is necessary and one refuses to be a complainant, he may be made a defendant.

   [Ed. Note.—For other cases, see Parties, Cent. Dig. § 54; Dec. Dig. § 35.*]

4. PARTIES (§ 78*)—NONJOINDER—TRUSTEES.
   Where one of two joint trustees refuses to be a complainant in litigation involving the trust property, the fact that he is joined as a defendant does not create a nonjoinder of parties complainant.

   [Ed. Note.—For other cases, see Parties, Cent. Dig. § 122; Dec. Dig. § 78.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. Courts (§ 307*)—Jurisdiction—Citizenship—Necessary and "Indispensable Parties."

For jurisdictional purposes, federal courts divide parties into formal, necessary, and indispensable parties; indispensable parties being those having an interest in the controversy of such a nature that a final decree cannot be made without affecting that interest, or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 307.*

For other definitions, see Words and Phrases, vol. 4, p. 3559.]

6. Trusts (§ 257*)—Actions—Parties.

Two or more trustees under the same instrument are treated as one and the same person, so that where both are sued, except for a wrong or devastavit committed by one alone, all are indispensable parties.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 368; Dec. Dig. § 257.*]

7. Courts (§ 308*)—Jurisdiction—Parties—Citizenship.

Complainant and defendant C. were joint trustees under a certain deed of trust, complainant being a citizen of Illinois, while C. and the other defendants were citizens of New York. *Held*, that in the absence of an allegation that C. was requested to join complainant in a suit for instructions as to the disposition of the trust funds, and refused, there was a nonjoinder of parties complainant, and since if C. was made a complainant, it would defeat federal jurisdiction, such jurisdiction was not shown.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 855; Dec. Dig. § 308.*

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

In Equity.

James B. Curtis, for complainant.

Richard S. Newcombe, for defendants Buckley, Nightingale and Mae Cooper.

Austin E. Pressinger, for defendant Mae Cooper, individually.

RAY, District Judge. The bill of complaint shows that the complainant, Worth E. Caylor, resides at the city of Chicago, state of Illinois, and is a citizen of that state. The defendants are all residents and citizens of the state of New York. April 25, 1904, Frank H. Cooper, William H. Cooper, Edward C. Cooper, Charles A. Cooper, Garrett D. Cooper, Eda R. Wolff, and Wallace B. Wolff severally made and executed their certain written indenture or deed of trust, a copy of which is set out in the bill of complaint, whereby they, as parties of the first part, made and constituted Charles A. Cooper and Worth E. Caylor trustees of certain property therein mentioned and described, and transferred such property to them as trustees upon certain trusts specified in such deed of trust.

The property is described in certain schedules. Schedule A described property of Frank H. Cooper; schedule B described property of William H. Cooper; schedule C described the property of Edward C. Cooper; schedule D described the property of Charles A. Cooper; schedule E described the property of Garrett D. Cooper; and schedule F described the property of Eda R. Wolff. The deed of trust provided that Charles A. Cooper and Worth E. Caylor, trustees, were to hold

such property during the period of the lives of William H. Cooper and Edward C. Cooper, and to continue and endure until the time of the death of the surviving one of the said William H. Cooper and Edward C. Cooper, it being understood that, on either or both of said persons living and surviving for a period of five years from the date of such deed of trust, at the time of the expiration of said five years the trust should cease and determine.

It was further provided that physical possession of the funds, and the evidence of ownership of the real and personal property constituting the trust estate, should be held by Charles A. Cooper as trustee; that Worth E. Caylor, trustee, should examine into the condition of things every two months, and upon the first sign of negligence or fraud on the part of his co-trustee take possession of all the trust property. The property was all turned over to the possession of said Charles A. Cooper and Worth E. Caylor, as trustees, who accepted the trust.

Edward C. Cooper died February 23, 1907, and left him surviving Mae Cooper, his widow, but no issue. He left a last will and testament, which is set out in the bill of complaint. He made certain gifts, and the rest, residue, and remainder of his estate he gave to his wife, Mae Cooper, and the defendants Buckley and Nightingale and Mae Cooper, upon certain trusts. The bill of complaint alleges that said Edward C. Cooper in his lifetime, and after the execution of said deed of trust and pursuant thereto, designated Charles A. Cooper to take, for the uses and purposes mentioned in his declaration, all the property which the person designated would be entitled to take from the trustees named in said deed of trust; and further alleges that the said Charles A. Cooper now claims to take and receive from the said trustees named in the deed of trust under the same by virtue of the said declaration. The bill of complaint also alleges that Mae Cooper, Buckley, and Nightingale claim that said Edward C. Cooper designated them to take all of such property.

The bill of complaint then alleges that the complainant, Worth E. Caylor, trustee, and the defendant Charles A. Cooper, trustee, now desire to distribute and pay the sum of $10,000 out of the funds in their possession as trustees as aforesaid to said Charles A. Cooper, or to Mae Cooper, Dennis P. Buckley, and William Nightingale, or whichever person or persons is lawfully entitled to receive the same because of the declarations of the said Edward C. Cooper. The bill alleges that because of these conflicting claims the complainant is unable to determine who is entitled to receive that part of the trust estate formerly belonging to Edward C. Cooper of which the complainant is one of the trustees. Presumably, I think the sum ready to be distributed consists of income, rents, and profits, as the trust is not ended and the trust term has not expired.

By the third subdivision of the deed of trust the trustees were to pay to Frank H. Cooper in quarterly payments the sum of $25,000, annually from the incomes, etc., and to make other small payments; and by the fourth subdivision of the deed of trust said trustees were to pay during the life of the trust one-fifth part of the remaining net income and profits of the trust estate to each of the following: William H. Cooper, Edward C. Cooper, Charles A. Cooper, Garrett D. Cooper,

and Eda Wolff. It may fairly be assumed that the amount in controversy is this sum of $10,000, which the trustees named in the deed of trust desire to pay over to the ones entitled thereto. The actual controversy seems to be between Charles A. Cooper, on the one hand, and Mae Cooper, Dennis P. Buckley, and William Nightingale, on the other. Edward C. Cooper in his lifetime seems to have made conflicting designations as to the disposition of that part of the rents and incomes to which he or his estate was or should become entitled. Mae Cooper, Dennis P. Buckley, and William Nightingale claim as executors and trustees under the will of Edward C. Cooper. Charles A. Cooper claims under another instrument. The actual or real controversy is between citizens of the state of New York. However, both sets of claimants to the funds claim same of and from the complainant here, Worth E. Caylor, and Charles A. Cooper, as trustees under the deed of trust. But Charles A. Cooper individually lays claim to the $10,000, as against the complainant Worth E. Caylor, as well as against himself as trustee. While Mae Cooper, Buckley, and Nightingale claim the fund as against Charles A. Cooper individually, they also lay claim to the same as against the complainant Worth E. Caylor, as trustee, and Charles A. Cooper, as trustee.

Not knowing or being certain who is entitled to the $10,000, the complainant brings this suit to have it determined whether Charles A. Cooper is entitled to the $10,000, or whether the same should be paid to Mae Cooper, Buckley, and Nightingale, as executors and trustees under the will of Edward C. Cooper.

The jurisdiction of this court is denied. It is claimed that for purposes of jurisdiction this court is to align the parties complainant and defendant as complainants or defendants according to their interests, irrespective of the place given them by the complainant in his bill of complaint, and that, so aligning them, the complainant, Worth E. Caylor, trustee, and the defendant Charles A. Cooper, trustee, are in fact complainants, and should be so considered, and that therefore, as all the complainants are not residents of a different state from that of all the defendants, there is not the necessary diversity of citizenship. If this be so, it is contended we have a citizen of Illinois, a plaintiff, and a citizen of New York, also a necessary plaintiff, with all the defendants citizens of New York, and the diversity of citizenship necessary and indispensable to the jurisdiction of the Circuit Court no longer exists. I find no allegation in the bill of complaint that Charles A. Cooper, trustee, has been requested to bring or to join in bringing an action to settle the existing controversy. It is contended that, therefore, he, as trustee, is not a necessary or a proper party defendant, but is a necessary and indispensable party complainant. Where two executors or trustees have the right, and it is their duty, to bring an action or institute a suit, and one refuses to join as plaintiff or complainant, the other may bring the suit or action making his coexecutor or co-trustee a party defendant. This question was presented in Venner v. Great Northern Railway and James J. Hill, 209 U. S. 24, 28 Sup. Ct. 328, 52 L. Ed. 666, decided by the Supreme Court of the United States February 24, 1908, where the railway company, made defendant, refused to bring suit, and hence the complainant Venner, a stockholder, commenced the action,

making the railway company a defendant. It was contended that as the railway company had the interests of a complainant, was pecuniarily interested in the recovery, it must be aligned as a complainant, and that so aligning it there would be a citizen of New York and a citizen of Minnesota (the railway being a citizen of Minnesota, where its president, defendant James J. Hill, also resided) plaintiffs, and a citizen of Minnesota defendant, and the necessary diversity of citizenship did not exist. The court held that, assuming Venner had the right to bring and maintain the suit as stockholder (the railway company having refused so to do), the railway company must be regarded and considered as a defendant. The court said:

"It would doubtless be for the financial interests of the defendant railroad that the plaintiff should prevail. But that is not enough. Both defendants unite, as sufficiently appears by the petition and other proceedings, in resisting the plaintiff's claim of illegality and fraud. They are alleged to have engaged in the same illegal and fraudulent conduct, and the injury is alleged to have been accomplished by their joint action. The plaintiff's controversy is with both, and both are rightfully and necessarily made defendants, and neither can, for jurisdictional purposes, be regarded otherwise than as a defendant. Davenport v. Dows, 18 Wall. 626, 21 L. Ed. 938; Central Railroad Company v. Mills, 113 U. S. 249, 5 Sup. Ct. 456, 28 L. Ed. 949; Railroad v. Grayson, 119 U. S. 240, 7 Sup. Ct. 190, 30 L. Ed. 382; Doctor v. Harrington, 196 U. S. 579, 25 Sup. Ct. 355, 49 L. Ed. 606; Groel v. United Electric Co. (C. C.) 132 Fed. 252; and see Chicago v. Mills, 204 U. S. 321, 27 Sup. Ct. 286, 51 L. Ed. 504. The case of Doctor v. Harrington is precisely in point on this branch of the case, and is conclusive. In that case the plaintiffs, stockholders in a corporation, brought an action in the Circuit Court against the corporation and Harrington, another stockholder, 'who directed the management of the affairs of the corporation, dictated its policy, and selected its directors.' It was alleged that Harrington fraudulently caused the corporation to make its promissory note without consideration, obtained a judgment on the note, and sold, on execution, for much less than their real value, the assets of the corporation to persons acting for his benefit. On the face of the pleadings there was the necessary diversity of citizenship, but it was insisted that the corporation, because its interest was the same as that of the plaintiff, should be regarded as a plaintiff. The court below so aligned the corporation defendant, and, as that destroyed the diversity of citizenship, dismissed the suit for want of jurisdiction. This court reversed the decree, saying, page 587 of 196 U. S., page 357 of 25 Sup. Ct. (49 L. Ed. 606): 'The ultimate interest of the corporation made defendant may be the same as that of the stockholder made plaintiff, but the corporation may be under a control antagonistic to him, and made to act in a way detrimental to his rights. In other words, his interests, and the interests of the corporation, may be made subservient to some illegal purpose. If a controversy hence arise, and the other conditions of jurisdiction exist, it can be litigated in the federal court.'"

But the bill here fails to allege or show that defendant Charles A. Cooper, trustee, has refused to bring suit or join as a party complainant. It does appear, however, that Charles A. Cooper, individually, claims this fund of $10,000 by appointment of or from Edward C. Cooper. He claims it as against Worth E. Caylor, trustee, and Buckley and Nightingale and Mac Cooper, who claim by appointment or declaration of Edward C. Cooper. It is evident that Charles A. Cooper cannot decide between himself as trustee and himself as an individual. As trustee he might perhaps sue himself as an individual, and also the other claimants, to settle this dispute in court, where only it can be settled. But with this dispute existing and this pe-

culiar condition existing, cannot Worth E. Caylor, the other trustee, institute and maintain the suit alone, making all interested persons parties? To deny this is to deny that this present suit may be maintained at all, for, so far as appears, Charles A. Cooper, trustee, has not refused or even been invited to become a party complainant. If it can be maintained by Worth E. Caylor alone, then, within Venner v. Great Northern Railway, supra, Charles A. Cooper is a proper party defendant, and is not a necessary or indispensable party complainant, and the necessary diversity of citizenship exists. In that case the railway company might have maintained the action, was requested to commence it, and refused. Here Caylor commences the action, and the only reason for making Charles A. Cooper a defendant, and not asking him to be a plaintiff as trustee, is his personal interest in and claim to the fund.

I do not understand it to be the policy of the law or of Congress to discourage or prevent litigation in the federal courts when a proper case is presented. Congress has created and defined the jurisdiction of the Circuit Courts, and wisely placed limitations thereon, but this was not for the purpose of discouraging litigation in the federal courts.

Worth E. Caylor and Charles A. Cooper, as trustees under this deed of trust, have the legal title to all this property jointly. But Charles A. Cooper was to have, and presumably has, the actual physical possession of this $10,000, as well as of the other personal property, and also the evidences of title to the real estate wherever situated. The general rule is that, when two or more trustees hold property jointly, both or all are necessary and indispensable parties in any action concerning it. See McRea v. Branch Bank, 19 How. 376, 15 L. Ed. 688; O'Hara v. MacConnell, 93 U. S. 150, 23 L. Ed. 840; Thayer v. Life Association, 112 U. S. 717, 5 Sup. Ct. 355, 28 L. Ed. 864; American B. S. v. Price, 110 U. S. 61, 3 Sup. Ct. 440, 28 L. Ed. 70; Billings v. Aspen, etc., 51 Fed. 338, 2 C. C. A. 252.

In Thayer v. Life Association, supra, it was held:

"Two citizens of West Virginia conveyed to a trustee certain real property in that state to secure the payment of notes executed by them to a Missouri corporation, which was subsequently dissolved and its assets placed in the hands of a citizen of the latter state. Upon default in the payment of the notes, the trustee, under authority given by the deed, advertised the property for sale. The grantors thereupon instituted a suit in equity in one of the courts of West Virginia to enjoin the sale, making the trustee, the Missouri corporation, and the person who held its assets, defendants. Upon the joint petition of that corporation and the defendant holding its assets, the cause was removed to the Circuit Court of the United States, and was there finally determined. *Held* that, since the trustee was an indispensable party, his citizenship was material in determining the jurisdiction of the Circuit Court; and as that was not averred, and did not otherwise affirmatively appear to be such as gave the right of removal, the decree must be reversed and the cause remanded to the state court."

If litigation is necessary, and one refuses to be a complainant, he may be made a party defendant and the action proceed. In such case there is no nonjoinder of parties complainant, and in such case one of the trustees holding jointly may maintain the action. This shows that all are not necessary and indispensable parties complain-

ant under all circumstances and conditions. That case is an exception to the general rule that all the trustees must be complainants.

In 1 Foster's Federal Practice, 182, § 59, we find the following:

"Relaxation of rule as to parties in special cases.—The rules upon the subject of parties are, however, very loose, and the questions arising under them are decided largely in the discretion of the court. 'The necessity for the relaxation of the rule is more especially apparent in the courts of the United States, where, oftentimes, the enforcement of the rule would oust them of their jurisdiction, and deprive parties entitled to the interposition of a court of equity of any remedy whatever.' A court of equity adapts its decrees to the necessities of each case; and should a suit, brought by a single complainant concerning a matter in which others as well as himself were interested, terminate in a decree against the defendants, it is easy to do substantial justice to all the parties in interest, and prevent a multiplicity of suits, by allowing the other persons similarly situated with the plaintiff, 'either through a reference to a master, or by some other proper proceeding, to come in and share in the benefit of the litigation.' The discretion as to the joinder or omission of parties is, however, one which, when properly raised, is subject to review upon appeal. An act of Congress relaxing or extending the rules as to parties in a particular case is constitutional."

Can it be held that this case presents another exception to the general rule? I find no case so holding. One trustee, the one who holds the physical possession of the trust property, claims to be entitled to take and have paid to him individually a part of the trust fund as his own. Other persons claim to take and to have paid to them the same part of the trust fund as their own. The trustee claiming as an individual having possession has no reason to move at all. The other persons claiming may move against both trustees. They make their demand. Can, or cannot, the trustee who has no actual physical possession, who makes no personal claim to the fund, come into a court of equity, present the facts, and ask for instructions and directions, and ask to have the dispute determined? I see no good reason why he should not be permitted to do so, under such circumstances, except that the court has adopted certain rules, and we have the statute and Constitution confronting us.

If Charles A. Cooper, as trustee, had joined in this bill as a party complainant, as he had the right to do and as he has not refused to do, this court would find itself without jurisdiction, as the necessary diversity of citizenship would be lacking. Could the complainant, Caylor, give this court jurisdiction by voluntarily making Charles A. Cooper a party defendant in his capacity as trustee? The directions and instructions of the court must be directed to both trustees and must guide both. Charles A. Cooper as trustee and Charles A. Cooper as an individual are distinct persons. Equity rules 22 and 47 have no application here. Charles A. Cooper, trustee, is not only a necessary party, but he is within the jurisdiction of this court, and an actual party as shown by the record. The complainant has voluntarily made him a party.

Again, there is no necessity for a departure from the ordinary rules and practice. The property and all the parties are within the jurisdiction of the courts of the state of New York, and its courts are open and have jurisdiction of the subject-matter. Still, for jurisdictional purposes our courts divide parties into formal, necessary, and

indispensable parties, and I think this case turns on the question wheth-
er or not Charles A. Cooper, trustee, is an indispensable party com-
plainant. "Indispensable parties are those having an interest in the
controversy of such a nature that final decree cannot be made with-
out either affecting that interest or leaving the controversy in such
a condition that its final determination may be wholly inconsistent with
equity and good conscience." 1 Rose's Code of Federal Proc. § 817b,
p. 744; Shields v. Barrow, 17 How. 130, 15 L. Ed. 160; Donovan
v. Campion, 85 Fed. 71, 29 C. C. A. 30. It is the general rule that
two or more executors under the same instrument, appointed by the
court of the same state, or two or more trustees, are one and the
same person. Where two are sued, and an accounting is demanded,
unless it relates to a wrong or devastavit committed by one alone, all
are regarded as indispensable parties. Blake v. McKim, 103 U. S.
336, 338, 26 L. Ed. 563; Conolly v. Wells (C. C.) 33 Fed. 205, and
see the many cases there cited and commented on. This being so, the
absence of an allegation that Charles A. Cooper, trustee, was requested
to join in the suit and refused, leaves a nonjoinder of parties com-
plainant. If we treat the actual and real controversy or dispute as
one between Charles A. Cooper individually and the executors and
trustees of Edward C. Cooper, it is not a controversy between citizens
of different states. If we regard it as a controversy between the trus-
tees under the deed of trust and the rival claimants to the $10,000,
then it is not a controversy wholly between citizens of different states,
for Caylor and Charles A. Cooper, trustees, are citizens, the one of
Illinois and the other of New York, where all the defendants reside.
It seems to me that Coal Company v. Blatchford, 11 Wall. 172, 20 L.
Ed. 179, is quite decisive of this case. In that case:

"The bill stated that the defendant was a corporation created and organized
under the laws of the state of Pennsylvania; that the plaintiff, Blatchford,
was a citizen of the state of New York; that the plaintiff Newman was a citi-
zen of the state of Pennsylvania; and that they as trustees sued solely for
the use of Henry Beckett, an alien and a subject of the Queen of Great Britain,
and Joseph Loyd, a citizen of New Jersey, both residing in New Jersey. The
defendant demurred to the bill on the ground that the plaintiff Newman and
the defendant corporation, being citizens of the same state, the court had not
jurisdiction of the cause. The court overruled the demurrer, and, an answer
and replication having been filed, the case was heard on the pleadings, and
a decree rendered for the plaintiffs. From this decree the appeal was taken;
and the question presented for consideration here was whether the jurisdiction
of the federal court depended upon the citizenship of the trustees, who were
the plaintiffs, or of the parties for whose benefit the suit was averred to
have been brought."

The Supreme Court of the United States reversed the decree, and
directed that the bill be dismissed for want of jurisdiction.

The demurrer must be sustained on the ground there is a nonjoinder
of indispensable parties complainant, and that this court is without
jurisdiction, for the reason there is not a controversy wholly between
citizens of different states.