**ALBERT PICK & CO. v. CASS–PUTNAM HOTEL CO. et al.**

No. 4302.

District Court, E. D. Michigan, S. D.

Aug. 16, 1930.

Max Kahn, of Detroit, Mich., for plaintiff.

Peter A. Miller, of Detroit, Mich., for defendant Cass-Putnam Hotel Co.

Butzel, Levin & Winston and Stevenson, Butzel, Eaman & Long, all of Detroit, Mich., for defendants Melvin L. Straus and Joseph D. Blosser.

TUTTLE, District Judge.

The jurisdiction of this court is questioned on the pleadings. The plaintiff is an Illinois corporation and a general creditor of the defendant Cass-Putnam Hotel Company, a Michigan corporation, which latter corporation owns Webster Hall, a hotel in the city of Detroit, Mich. The other two defendants, Melvin L. Straus and Joseph D. Blosser, joint trustees for bondholders, are the mortgagees in two certain mortgages upon said hotel. The second of said mortgages is now being foreclosed by the trustees, in the courts of the state of Michigan. Plaintiff alleges in its bill of complaint that said second mortgage has in fact and in law been paid and that the defendants are manipulating said mortgages, the collections thereon, and the foreclosure of said second mortgage in such a way that it is a fraud upon the plaintiff. The prayer of said bill asks that the trustees be enjoined from foreclosing the second mortgage, that such second mortgage be discharged, and for an accounting. Upon the filing of the bill and the answer of Cass-Putnam Hotel Company, admitting all of the allegations of the bill, a receiver was appointed by this court, but, before the receiver had taken possession of any property or taken any action under such appointment, the answer of the defendants Straus and Blosser was filed, raising the jurisdictional question. No action has been taken, no property received, and no expense incurred by the receiver.

The bill alleged that plaintiff was a citizen of Illinois and that the defendant Cass-Putnam Hotel Company and the defendant Blosser were citizens of the state of Michigan. The bill was silent as to the citizenship of the defendant Straus. The sworn answer of the defendants Straus and Blosser denies all allegations of fraud and misconduct, and also alleges that the defendant Straus is a resident and citizen of the state of Illinois, and for that reason denies that there is a diversity of citizenship between the plaintiff and all of the defendants, and denies the jurisdiction of this court herein.

There is nothing in connection with this controversy which would give this court jurisdiction without diversity of citizenship. That diversity of citizenship should be shown by the pleadings.

It is well-settled law that the federal courts do not acquire jurisdiction because of diversity of citizenship unless that diversity exists as to all the parties necessary to a disposition of the question in dispute. The trustees are necessary parties to this controversy. Thayer v. Life Association of America, 112 U. S. 717, 5 S. Ct. 355, 28 L. Ed. 864; Fidelity Insurance, Trust & Safe Deposit Co. v. Huntington, 117 U. S. 280, 6 S. Ct. 733, 29 L. Ed. 898; Peper v. Fordyce, 119 U. S. 469, 7 S. Ct. 287, 30 L. Ed. 435.

It is now admitted by the plaintiff that the defendant Straus is a citizen and resident of Illinois, but plaintiff contends that said defendant is not an indispensable party to

76

this suit and that this controversy can be disposed of by the court without the presence of the said Straus as a defendant. I cannot agree with this contention. Blosser and Straus are cotrustees in both of the mortgages involved. As such cotrustees, they are both mortgagees in each of said mortgages. They have both been made trustees and mortgagees to represent and protect the holders of bonds secured by the mortgagees upon the hotel. It is not within the power of the plaintiff or this court to select one of these trustees, to the exclusion of the other, to represent the bondholders. The trustees and both of the trustees are necessary parties to this suit. Caylor v. Cooper (C. C.) 165 F. 757. The litigation cannot be disposed of without the presence, as parties, of both trustees. The plaintiff has recognized this by making both of such trustees defendants. The defendant Straus is a necessary party. He is, should be, and must be a defendant in order to give to plaintiff the relief prayed. He is a citizen of the state of Illinois, and the plaintiff is a citizen of the same state. There is therefore not that complete diversity of citizenship between the parties which is necessary to give the federal court jurisdiction.

It is urged by plaintiff that the defendants Straus and Blosser, by filing an answer which denies the allegations of this bill on the merits of the controversy, have waived the right to raise this question of jurisdiction. Said defendants, however, by their answer, expressly raise this very question and deny the jurisdiction of the court. Moreover, the presence of the required diversity of citizenship cannot be waived by the parties where it is the ground on which this court acquires its jurisdiction. If there is in fact the necessary diversity of citizenship, the privilege of insisting upon the proper venue of the suit may be waived, but, if diversity of citizenship is lacking and there is no other basis for jurisdiction, it is the duty of the court, even on its own motion, to dismiss the suit as soon as its lack of jurisdiction is discovered. Chicago, Burlington & Quincy Railway Co. v. Willard, 220 U. S. 413, 31 S. Ct. 460, 55 L. Ed. 521; Chicago, Rock Island & Pacific Railway Co. v. Stephens, 218 F. 535 (C. C. A. 6).

This court being without jurisdiction in this cause, the order appointing the receiver herein is declared void, and the suit must be dismissed. An order will be entered accordingly.