## BITKER v. HOTEL DULUTH CO.
### (two cases).
### Nos. 10457, 10458.

Circuit Court of Appeals, Eighth Circuit.
May 25, 1936.

Irving A. Puchner, of Milwaukee, Wis. (Joseph E. Tierney, of Milwaukee, Wis., on the brief), for appellant.

Irving A. Fish, of Milwaukee, Wis., for appellee.

Before GARDNER, VAN VALKENBURGH, and FARIS, Circuit Judges.

VAN VALKENBURGH, Circuit Judge.

May 8, 1935, the above-named debtor filed in the District Court of the United States for the District of Minnesota its petition for reorganization under the provisions of 77B of the Bankruptcy Act as amended (11 U.S.C.A. § 207). Contemporaneously therewith it filed a history of the hotel organization and a reorganization plan. On the same day by order of the District Court this petition was approved, with the usual requirements as to notice and submission to all interested parties, and a hearing was set for June 3, 1935. So far as the record shows no hearing took place on that date, but on the 24th of June an amended plan of reorganization was filed, and on the same date the court entered an order requiring all bondholders, preferred stockholders, and common stockholders, on or before September 2, 1935, to file proofs of their

claims in this proceeding, and on or before said date to declare in writing "whether they accept or object to the amended plan of reorganization filed by the debtor herein." The order further provided for the hearing of said amended plan of reorganization "or any amendments thereto or substitutions therefor, and for the consideration of any other matters herein which may be presented to said court on or before the said hearing." It was further ordered that notice should be given to stockholders and bondholders by mailing to each a copy of the order on or before July 6, 1935, and by publishing a copy thereof in Milwaukee and Duluth papers once each week for two successive weeks, the first publication to take place at least two weeks before said hearing. It was further ordered that, with the copy of the order, there should be mailed to each bondholder and stockholder a copy of the amended plan of reorganization, and a suitable form of proof of claim and acceptance or rejection of said amended plan, together with an envelope stamped and addressed to the clerk of said court.

August 30, 1935, appellant Bitker, on behalf of himself and his cotrustee, First & American National Bank of Duluth, Minn., filed the claim of the first mortgage bondholders. No other filed claims appear, nor were any objections filed prior to the date of hearing fixed in the court's order. That hearing was held on the 7th and 9th days of September, 1935. September 11, 1935, the court entered its order and a decree confirming the amended plan of reorganization and approving claims, reciting that notice to all creditors, secured and unsecured, and stockholders had been given as required by statute, and that said amended plan had been accepted by written acceptances on file in the proceedings "by or on behalf of creditors holding at least two-thirds in amount of the claims of each class whose claims have been allowed and would be affected by the said proposed plan," and by or on behalf of the stockholders holding a majority of the stock of each class. The court further found that an amendment should be made to the amended plan of reorganization with respect to the date of issue of the first mortgage bonds provided by said plan, and certain interest payments occasioned thereby, that said amendment did not materially affect the rights of any creditor or

stockholder, and "that the said proposed plan of reorganization is fair and equitable, and does not discriminate unfairly in favor of any class of creditors or stockholders, and is feasible."

September 12, 1935, appellant Bitker, individual trustee in the first mortgage, "in behalf of himself and certain first mortgage bondholders" filed objections to the plan of reorganization already approved and confirmed, presenting a list of alternatives and suggested amendments not necessary to be set out here in detail. On September 30, 1935, appellant filed his motion for an order reconsidering, setting aside, and vacating the order of the court of September 11, 1935, confirming the amended plan of reorganization, and for a further order amending the plan of reorganization in certain specified respects. The motion was overruled on the same date. Appellant has taken two appeals; the first, No. 10,457, from the order of September 11, 1935, confirming the plan; and the second, No. 10,458, from the order of September 30, 1935 overruling the motion to vacate, and to allow amendments. The points to be argued are stated by counsel for appellant under four heads:

1. Plan of reorganization is unfair to first mortgage bondholders.

2. The debtor in soliciting assents to the amended plan of reorganization made statements that were false and misleading.

3. Decree of confirmation modified the plan so materially as to require that amendments be submitted to bondholders with the right to withdraw their consents if they did not approve.

4. Suggested amendments.

In answer to appellant's points, counsel for appellee raise the following questions:

1. Did the appellant, as an individual trustee, have any right to appeal from the orders of the court?

2. (a) In the appeal from the order of confirmation of the plan should this court review that order in the absence of objection to the plan and trial of an issue thereon in the district court? (b) Has the appellant any right, if he is a creditor, to review an order refusing to set aside an order of confirmation?

3. The assignments of error set out in appellant's brief.

The general rule is that, where there are two or more trustees in the case of a private trust, as distinguished from a public or charitable trust, all of whom have accepted and are exercising their office as trustees, their powers are undivided and they cannot act separately unless separate authority is given by statute or by the instrument creating the trust. 65 C.J. par. 531, p. 667; and par. 763, p. 872; Howard F. Insurance Co. v. Chase, 5 Wall. 509, 514, 18 L.Ed. 524. If one of such trustees refuses to act as complainant in an action he may be made a party defendant; but when two or more trustees hold property jointly, both or all are necessary and indispensable parties to any action concerning it. However, if litigation is necessary and one trustee refuses to join as a complainant, he may be made a party defendant. Caylor v. Cooper (C.C.) 165 F. 757; Georgia S. & F. Ry. Co. v. Einstein et al. (C.C.A.5) 218 F. 55. In the trust deed before us there are two trustees exercising the office; appellant Bitker as individual trustee, and the First & American National Bank of Duluth, Minn., as corporate trustee. The latter declined to join in the objections and motions here involved or in the appeals here taken. The corporate trustee was not joined in any manner in the proceeding, and appellant filed "objections of Bruno V. Bitker, individual trustee, in behalf of himself and of certain first mortgage bondholders." He filed the motion to vacate as individual trustee, and recites that he does so in behalf of himself as trustee and in behalf of "certain bondholders who have requested to join with him." At no stage of the proceedings were any such bondholders named nor was there on file any power of attorney or other paper authorizing appellant to appear for such in this proceeding. Appellant, as trustee in the mortgage, is not a creditor of the debtor. He filed no claim for himself, but only that of the bondholders generally in conjunction with his cotrustee. The mere fact that a trustee holds the legal title to the security does not make him a creditor with respect to the debt itself. United States Trust Company v. Gordon (C.C.A.6) 216 F. 929, 931, and, where a plan of reorganization is submitted to bondholders "for their individual acceptance or rejection, they are not represented in such matter by the trustee of the mortgage securing their bonds." Guaranty Trust Co. of N. Y. v. Missouri Pacific Ry. Co. (D.C.) 238 F. 812.

In their reply brief counsel seek to meet these challenges to the authority of the individual trustee, and his right to appeal from rulings made upon his motions, by pointing out that the corporate trustee was not a party to the hearing below and therefore could not have been joined upon appeal; that no objection was made at the hearing to the failure to join the corporate trustee; and, consequently, the question will not be given consideration in this court. Counsel also invoke the general rule that the duties of a trustee are not rigidly limited to those defined in the trust instrument, citing Quindry, Bonds and Bondholders, § 192, p. 265.

The nature of the proceedings in the District Court for the reorganization of a corporation, and the approval of a proposed plan, are not so formal in nature as to warrant the application of the strict rules of pleading invoked by appellant. They are recognized as "proceedings in bankruptcy" instead of "controversies," and appeals therefore require allowance by the appellate court. At the hearing counsel for the debtor did object to the admission of certain evidence as irrelevant and immaterial on the ground that the trustee (appellant) had no interest in the particular issue, and had no authority to appear. Counsel conceded that the evidence offered was a proper matter to be considered as to the feasibility of the plan, and, therefore, did not press his objection further. It is undoubtedly proper, though not essential, that trustees should participate in hearings in behalf of the mortgage bondholders; a question here presented concerns the power and authority of the trustee to act independently of his bondholders. The Court of Appeals of the Second Circuit has had occasion to give careful and pointed consideration to this question. We quote a few pertinent expressions from an opinion which makes a very comprehensive analysis of the relationship existing between bondholders and their trustee.

"In filing a claim, the trustee does so in behalf of principals, the bondholders; it does so as a duly authorized agent. A trustee of a mortgage may not attack a plan of reorganization as inequitable. Guaranty Trust Co. of N. Y. v. Missouri Pacific Ry. Co. (D.C.) 238 F. 812. * * * Congress, in legislating, did not place a

trustee in the position of censor of plans of reorganization. A trustee to so act must be a duly authorized agent for the purpose, as suggested in subdivision (b), § 77B, of the act (11 U.S.C.A. § 207b). The creditors' beneficial interests are not to be impaired by a trustee exercising such power unless it clearly appears that such power has been given. * * *

"The trustee's judgment must not be substituted for that of the real creditors who are to be safeguarded in passing upon the question of whether a plan is fair and equitable."

In re Allied Owners' Corporation (C. C.A.) 74 F.(2d) 201, 203, 204. Compare Christian v. R. Hoe & Co., Inc. (C.C.A.2) 79 F.(2d) 541, 542.

With these pronouncements we are in full agreement.

The amended plan was filed June 24, 1935, and on the same day the court fixed September 2, 1935, as the date on or before which objections must be filed. The hearing was set for September 7, 1935. Notice embracing a copy of the amended plan was duly ordered and served. The requisite percentage of bondholders filed their acceptances, and, during the period of more than two months prior to the hearing, no objections were filed. No bondholder has appeared to question the adoption of the plans, unless the mere recital of appellant that he files his motion in behalf of "certain bondholders" is to be given that effect. It is evident, from his appeal to duties of trustees "not limited to those defined in the trust indenture," that appellant relies principally upon his claimed authority to object and appeal in his own right as trustee apart from the personal participation of the bondholders. It is undisputed that this trust deed confers no such authority upon the trustees. In our judgment, because of the failure, in any event, of the corporate trustee to join in the motions filed and because of the lack of power in the trustee to attack the plan of reorganization as unfair and inequitable, the right of this individual trustee to question the validity of the orders appealed from must be denied.

The act provides (11 U.S.C.A. § 207, subsection f) that "before or after a plan is confirmed, changes and modifications may be proposed therein by any party in interest and may be made with the approval of the judge after hearing upon notice to creditors and stockholders." But, as it appears, a trustee has no such interest as would entitle him to attack a plan of reorganization under this provision of the statute. For this reason we deem it unnecessary, if not improper, to consider the objections, changes, modifications, and suggestions urged by appellant in these appeals.

It follows that the orders and decrees of the District Court appealed from should be affirmed, and it is so ordered.