## BENTINCK v. GUARANTY TRUST CO. OF NEW YORK et al.

United States District Court
S. D. New York.
Dec. 31, 1952.

828 

Josephs, Cooke & Armstrong, New York City, for plaintiffs.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for defendant Guaranty Trust Co. of New York.

Casper & Nehrbas, New York City, for Quigley.

WEINFELD, District Judge.

The allegedly unauthorized payment of a portion of the principal of the trust was made in 1929; the allegedly unauthorized income payments from December 1927 to August 1939. Plaintiffs contend that David Crutchfield, an individual co-trustee, resigned on September 23, 1927; the defendants, that he resigned on October 20, 1936.

 If, in fact, Crutchfield remained in office until 1936 as co-trustee with the Guaranty Trust Company of New York, it appears his Estate (he having died before the commencement of the present suit) is an indispensable party.[1] The issue of date of resignation is sharply contested and should not be determined upon affidavits, since diversity jurisdiction rests upon its determination in view of the claim that Crutchfield was a citizen and resident of Texas, of which state one of the plaintiffs also is a citizen.[2]

 "In diversity cases, the question of indispensable parties is inherent in the issue of federal jurisdiction, the determination of which should never await a decision on the merits if the complaint states a cause of action. Jurisdictional questions come first in the orderly disposition of a case." [3]

 "The requirement for complete diversity cannot be brought about by a party failing to join, either with himself or on the opposite side, a party who is an indispensable party to the action, even though joining the absent party would result in a loss of jurisdiction by the federal court." [4]

 The matter is set for hearing, or, at the preference of the parties, may be

1. Bitker v. Hotel Duluth Co., 8 Cir., 83 F. 2d 721, 723; Albert Pick & Co. v. Cass-Putnam Hotel Co., D.C.E.D.Mich., 41 F. 2d 74, 75–76; Caylor v. Cooper, C.C.S.D. N.Y., 165 F. 757, 762.

2. See 3 Moore's Federal Practice, 2d Ed., 2145–2147.

3. Calcote v. Texas Pac. Coal & Oil Co., 5 Cir., 157 F.2d 216, 218, 167 A.L.R. 413,

certiorari denied 329 U.S. 782, 67 S.Ct. 205, 91 L.Ed. 671. See also Keegan v. Humble Oil & Refining Co., 5 Cir., 155 F. 2d 971; Young v. Garrett, 8 Cir., 149 F. 2d 223.

4. Metropolis Theatre Co. v. Barkhausen, 7 Cir., 170 F.2d 481, 484, certiorari denied 336 U.S. 945, 69 S.Ct. 812, 93 L.Ed. 1101.

referred to a Special Master for a forth-with determination of the issue. In the meantime, pending the determination of the question, the balance of the motion is held in abeyance.

Settle order on notice.