In the Matter of the Estate of BENJAMIN KNOWER, Deceased.

Surrogate's Court, New York County, June, 1923.

**Trusts — accounting — meaning of " actual fraud " — will providing for other than legal investments — when trustee cannot be surcharged for losses.**

The term " actual fraud " as applied to trusts involves dishonesty and a willful and intentional diversion of the funds.

In an accounting proceeding the special guardian of infant remaindermen filed objections to the administration of the trust by the trustee in incurring losses through investments, not authorized as legal investments, aggregating almost one-half of the original corpus of the trust. His examination upon the accounting disclosed improvidence and negligence, but it did not establish actual fraud in his conduct of the trust. The will under which he acted provided: " I direct that such trustee be not confined in making investments, to such securities as are authorized by law for the investment of trust funds, but that he shall be at liberty to invest in such stocks, bonds or other securities as he may deem proper and that he shall not be liable for any loss unless occasioned by his actual fraud." *Held*, that the testator by the terms of his will provided immunity for every shade of conduct by the trustee less than actual fraud, and actual fraud not having been established the trustee cannot be surcharged with the losses, and the objections to the account are overruled. The appointment of a competent cotrustee should be applied for in a separate proceeding.

PROCEEDINGS to settle trustee's accounts.

*O'Brien, Boardman, Parker & Fox*, for trustee.

*Leslie J. Tompkins*, special guardian.

*Lloyd Paul Stryker*, special guardian.

FOLEY, S. On this accounting, objections have been filed by the special guardian of certain infant remaindermen to the general administration of the trust by George S. Coe as trustee, and specifically to improper investments by the trustee, which have resulted in serious losses to the estate. With regard to the powers and responsibility of the trustee, the 5th paragraph of the will provided as follows: " I direct that such trustee be not confined in making investments, to such securities as are authorized by law for the investment of trust funds, but that he shall be at liberty to invest in such stocks, bonds or other securities as he

may deem proper, and that he shall not be liable for any loss unless occasioned by his actual fraud."

It is admitted by the trustee that he invested in securities not authorized as legal investments of trust funds. These securities consisted of railroad stocks and bonds and traction company stocks and bonds. Extensive losses have resulted upon securities sold, and there is a further very large depreciation in the paper value of the securities remaining in the hands of the trustee, which aggregate almost half of the original corpus of the trust.

The will directed that the trustee shall not be liable for any loss unless occasioned by his *actual fraud*. His examination upon the accounting before the surrogate disclosed improvidence, lack of prudence and negligence, but it did not establish any actual fraud in his conduct of the trust. There is no evidence that the trustee personally profited by these transactions or willfully or wrongfully diverted any of the funds. Were it not for the terms of the testament setting forth his authority, he would be chargeable with a material part of the losses sustained. Ordinarily the rule of responsibility is that the trustee is bound to employ such diligence and prudence in the care and management as prudent men of discretion and intelligence in such matters employ in their own like affairs. *Costello v. Costello*, 209 N. Y. 252. The responsibility for the lamentable condition of this trust estate rests primarily upon the testator or the draftsman of his will. The courts, and particularly the Surrogates' Courts, vigilantly enforce the highest standard of fidelity by trustees, and zealously guard the rights of the beneficiaries. But by the terms of the will here the testator seems to have invited, and absolved from surcharge, an improvident administration of his estate by the trustee. He provided immunity for every shade of conduct less than actual fraud. The term " actual fraud " has been held to imply deceit, artifice and design and imports the active operation of the mind. It involves, as applied to trusts, dishonesty and a willful and intentional diversion of the funds. *People ex rel. Caldwell* v. *Kelly*, 35 Barb. 444, 457. It is to be distinguished from constructive fraud, which involves the omission to perform a duty charged by law, and is consistent with innocence. *Costello* v. *Costello, supra*, 259. It has been defined as fraud in fact, meditative fraud, a purpose existing in the mind to do a dishonest act. *Caldwell's Case*, 13 Abb. Pr. 405, 413. Numerous authorities may be cited which have held individual and corporate trustees liable for maladministration, but in these cases the w'll contained no indemnity clause or a clause weaker in its force th n the language of the present will. *King* v. *Talbot*, 40 N. Y. 76;

*Villard* v. *Villard*, 219 id. 482; *Matter of Hall*, 164 id. 196; *Matter of Jarvis*, 110 Misc. Rep. 5. On the other hand, in a leading authority in this state (*Crabb* v. *Young*, 92 N. Y. 56), the Court of Appeals relieved the trustees from liability where the will of the testator employed somewhat similar language of immunity to that contained here. In that case, the same unfortunate situation arose, but the court said: "The will of the testator expressly exempts them from liability ' for any loss or damage that may happen to my estate except the same shall occur or take place from their own willful default, misconduct or neglect.' The testator had an absolute right to select the agencies by which his bounty should be distributed and to impose the terms and conditions under which it should be done. He well knew the character and qualification of those whom he selected as his trustees, for they were his own children, and while they were engaged in the performance of a lawful duty which he intrusted to them, the court has not the right to increase the measure of their responsibility or impose obligations from the burden of which he has in his will so carefully protected them. We think, therefore, in the absence of any finding to the effect that the conduct of the defendant Isaac H. in making such investments was willful or fraudulent, that the court below erred in holding that he was liable to replace the amount of such investment in the trust fund." P. 65.

The appointment of a competent and reputable cotrustee should be applied for in a separate proceeding. The objections are overruled accordingly.

Decreed accordingly.