## In the Matter of the Estate of ELIZABETH CURTIS LANGDON, Deceased.

Surrogate's Court, Westchester County, January 14, 1935.

*Herbert J. Lyall*, for the petitioners.

*Barry, Wainwright, Thacher & Symmers*, for The American Society for the Prevention of Cruelty to Animals.

*Shattuck, Bangs & Davis*, for the American Birth Control League, Inc.

*Franklin Brooks*, special guardian for John LeDroit Langdon and others.

*Henry R. Barrett*, special guardian for Ursula Delavan.

SLATER, S. This is a case where the decedent stated in her will that in case a difference of opinion arises between the individual executor and trustee and the corporate executor and trustee, the preference in judgment is to be granted to the individual executor trustee. The question involved is, is the corporate trustee relieved

from liability in the event that a difference of opinion arises between them as executors or trustees and the opinion of the individual executor trustee is asserted?

The eighth paragraph of the will gives the rest, residue and remainder of the estate to trustees to collect and receive the income and pay over the net balance to the sister, Ellen E. Langdon, during the term of her life. Upon the death of the sister several bequests from the residuary estate are made.

The eleventh paragraph of the will authorizes the executors and trustees, if it shall be deemed expedient, " to retain any of my property in the same form of investment in which it may be at the time of my decease, any law to the contrary notwithstanding." The clause also declares that the trustees or their successors " shall not be restricted to the investments provided by law in which executors or trustees may invest, but shall have full power and authority to invest in any securities, stocks, bonds or other investments which in his, its or their judgment are safe, and for the best interest of my estate."

The fourteenth paragraph of the will reads as follows: " I hereby nominate, constitute and appoint my sister, Ellen E. Langdon, and the Chemical Bank and Trust Company, New York, New York, to be executors and trustees of this my last Will and Testament. In the event of my sister's death or her failure to qualify for any reason I hereby nominate, constitute and appoint as executor and trustee, my nephew, Andrew Langdon, in her place and stead. *In the event of a difference of opinion between my executors and trustees in the interpretation and carrying out of the provisions of this my Will, it is my wish and I hereby direct that the preference of my sister or my nephew shall prevail.*"

In this paragraph the decedent points to the sister as the final judge in the event of a difference of opinion between the executor trustees.

The account of proceedings shows that the decedent had bonds and common stocks of good companies, with dividend records behind them, to the extent of over $300,000.

A construction of paragraphs eleventh and fourteenth is desired because the sister, Ellen E. Langdon, believes it to be for the best interest of the estate and in accordance with the intent of the testatrix to continue the present investments of the estate, or, if changes are advisable, to reinvest in sound preferred or common stocks. The Chemical Bank and Trust Company is uncertain whether it should acquiesce in such investment policy and whether, by so doing, it is relieved from responsibility in the event that eventually it should be determined that the investments retained

or selected by Miss Langdon and acquiesced in by the corporate fiduciary were improper for trustees.

It is apparent that there has been a shrinkage in this estate. However, stocks left by decedent carry a better rate of interest than would come to the sister trustee, the life beneficiary, if the same were sold and invested in legals. The will is broad enough to protect trustees or successor trustees in the holding or the purchase of non-legal stocks or bonds. There is only their judgment to guide them, and errors of judgment are not the foundation for a surcharge. (*Matter of Clark*, 257 N. Y. 132.)

The testatrix appreciated that she had good non-legal bonds and common stocks that would bring in ample income. So she said, in the event of a difference of opinion regarding any such matters, the judgment of the sister should decide.

The decedent wanted the sister, the primary beneficiary of the trust of the residuary estate, to have the right to decide questions of policy arising under the will. A question relating to the investment of the life beneficiary's estate is a highly important one in these times. It was a distinct departure from the usual.

Executors and trustees may be appointed with separate functions. A will may relieve trustees from liability. The cases which go the farthest are *Matter of Knower* (121 Misc. 208): *Matter of Jarvis* (110 id. 5, 9); *Matter of Winburn* (140 id. 18, 20).

The words of the instant will merely provide another way of saying what was said by the testator in *Matter of Winburn (supra)*. Such provisions are in themselves protection to executors and trustees unless there is proof of fraud or gross negligence.

I hold that, in the event of a difference of opinion between the executor trustees herein regarding the affairs of the estate, the decision should be made by the sister in writing and witnessed and filed with the corporate fiduciary to the end that the trust company may be relieved from any responsibility.

When the sister, the life beneficiary, makes a decision where there is a difference of opinion between the executor trustees, pursuant to the fourteenth paragraph of the will, and files her decision as above indicated, the corporate fiduciary will be relieved from liability, except such as may grow out of fraud or gross negligence. In the event that the corporate fiduciary concludes that the decision of the sister amounts to gross negligence, then they will be within their rights to seek the instruction of the court.

Submit decree in accordance with this opinion and decision.