In the Matter of the Estate of WALTER R. COMFORT, Deceased.

Surrogate's Court, New York County, April 15, 1941.

*Beals & Nicholson* [*Douglas Nicholson* of counsel], for the petitioner.

*Frederick Evan Crane*, special guardian.

FOLEY, S. Certain questions have been raised by the special guardian appointed in this accounting proceeding which make necessary a construction of the will.

The testator directed the creation, out of his residuary estate, of five separate trusts, one for the benefit of his wife and the other four for the benefit of each of his children. Under paragraph fifth of his will, he authorized his executors and trustees to advance from principal to the beneficiary of any trust amounts not to exceed in the aggregate one-third of the total value of the share set apart for such beneficiary. Pursuant to that authorization in the will, the trustees, at various times during the accounting period, paid to the testator's daughter, Millicent Comfort Douglas, out of the principal of the trust for her benefit, various amounts which, based upon the valuation placed by them upon the securities in the trust, did not exceed one-third of the total value of the principal at the date of the testator's death. Included within the principal assets were certain non-liquid securities consisting of shares of stock in real estate development corporations. It is pointed out by the special guardian that since the testator's death the value of these assets has declined substantially, due primarily to the general decline in the value of corporate securities, and that it is questionable if the assets were of sufficient value at the dates of some of the later payments to justify those payments, if values as of those dates were to prevail. The special guardian has, therefore, asked the court to determine the following questions: (a) Is the valuation of Millicent Comfort Douglas' share of the estate, for the purpose of determining the aggregate amount which may be advanced to her from principal, to be determined as of the date of the testator's death, or as of the date of the payments to her, and (b) if it be determined that the valuation is to be made as of the date of the payments, do the provisions of paragraph " ninth " of the will free the trustees from any pecuniary liability by reason of any overpayments which might have been made to her?

Paragraph ninth of the will provides as follows: " I will and direct that none of my executors and trustees shall be held pecuni-

arily liable for any loss to or diminution in my estate by reason of any of the acts or transactions hereinbefore authorized nor for any other loss to or diminution in my estate, not arising from their willful fraud or neglect."

There appears to be no suggestion in this case that the trustees have acted fraudulently or in bad faith or have willfully disregarded their duties as fiduciaries in determining the value of the assets.

I accordingly hold, in the absence of " willful fraud or neglect," that irrespective of the correctness of the valuation made by the trustees of the non-liquid assets, the terms of paragraph ninth of the will are sufficiently broad to grant the trustees absolute immunity from any and all pecuniary liability resulting from their acts and conduct in evaluating the securities. (*Crabb* v. *Young*, 92 N. Y. 56; *Benton* v. *Safe Deposit Bank*, 255 id. 260; *Matter of Knower*, 121 Misc. 208; *Matter of Kramer*, 172 id. 598; *Warren* v. *Pazolt*, 203 Mass. 328; 89 N. E. 381.)

In view of this ruling, no necessity exists for requiring the redetermination of the value of the non-liquid assets at the respective dates of the payments of principal made to Mrs. Douglas. These payments are approved by the surrogate.

Section 125 of the Decedent Estate Law, which declares the inclusion of an exoneration provision in the will to be against public policy, has no application to the situation here. The testator died before the enactment of that section and its terms specifically exempt the estates of such persons from its operation.

Submit decree on notice construing the will and settling the account accordingly.