EQUILEASE CORP. *vs.* WILLIAM D'ANNOLFO, individually & as trustee, & another;[1] PRINTING SYSTEMS AND EQUIPMENT COMPANY, INC., third-party defendant. August 30, 1978. Wilda Publishing Company and D'Annolfo, individually and as trustee of the Mark-Phillip Trust, appeal from judgments in favor of Equilease for the balance due on an equipment lease. We affirm the judgments against Wilda and D'Annolfo individually, but reverse the judgment against D'Annolfo "as trustee." 1. The only argument advanced by Wilda and D'Annolfo individually is that the judge erred in refusing to instruct the jury on Equilease's duty to mitigate damages. However, the judge could have viewed the "lease" as a conditional sale of equipment, as the lessees had the option of purchasing the equipment for one dollar at the end of the lease term. See G. L. c. 106, § 1-201(37). Henson, Secured Transactions § 3-12, at 28-29 (1973). D'Annolfo and Wilda cite no authority, and we have found none, indicating that when equipment has been sold to and accepted by a purchaser who then repudiates the sale, a seller has an obligation to repossess the equipment and resell it to mitigate damages. To the contrary, the seller may sue for the price of the equipment under G. L. c. 106, § 2-709, the remedy elected by Equilease. 2. In entering judgment against D'Annolfo in his representative capacity "as trustee," the court purported to bind the trust assets. However, D'Annolfo was but one of four trustees of the Mark-Phillip Trust, and no other trustee was joined as a party defendant. By the terms of the trust the trustees held the trust assets jointly, and approval by a majority of the trustees was required in all matters affecting the administration or execution of the trust. Where several trustees hold property jointly, all are necessary parties to an action concerning it. *Bitker* v. *Hotel Duluth Co.*, 83 F.2d 721, 723, cert. denied, 299 U.S. 577 (1936). *Upham* v. *Boaz Well Serv., Inc.*, 357 S.W.2d 411, 419 (Tex. Civ. App. 1962). Loring, Trustee's Handbook, § 30, at 102 (Farr rev. 1962). That becomes particularly apparent here where the plaintiff's action was based in part upon its assertion that the trustees had ratified a contract entered into by one of their number. In the circumstances joinder of all the trustees as parties defendant was necessary in order to reach a proper resolution of the controversy. The judgment against D'Annolfo as trustee is reversed, and the judgments against Wilda and D'Annolfo individually are affirmed. As neither Wilda nor D'Annolfo have argued their appeals from the judgments entered against them in their third-party action, those judgments are also affirmed.

*So ordered.*

*Roger S. Davis* for William D'Annolfo & others.
*Daniel Briansky* for Equilease Corp.