DAVID KLINE & another[1] *vs.* ALETTE E. REED, special administratrix,[2] & others.[3] June 21, 1985. *Practice, Civil*, Relief from judgment, Parties. *Contract*, Sale of real estate.

Robert G. and June E. Gutzler, husband and wife, established the Gutzler Property Trust by declaration executed on December 27, 1972, and re-

---

[1] Abe Saada.

[2] Of the estate of June E. Gutzler.

[3] Edward Veara, special administrator of the estate of June E. Gutzler; John D. Gutzler, trustee of the Gutzler Property Trust.

corded,[4] in which they named themselves as trustees, and their grandchildren as beneficiaries.[5] On July 5, 1974, they conveyed to the trust a parcel of real estate in Provincetown which they owned as tenants by the entirety. The granting clause, however, was in this form —

> ". . . grant to Robert G. Gutzler and grants to Robert G. Gutzler and June E. Gutzler as they are trustees of Gutzler Property Trust . . ."

The opening words look like a scrivener's mistake but give rise to a possible claim that the conveyance was to both Robert, individually, and the trust, in some kind of common ownership. On January 23, 1978, Robert died, and there is some reason to think that if the 1974 conveyance passed an interest to Robert, individually, that interest passed to June, individually.

On June 24, 1980, June, styling herself trustee of the trust, entered into an agreement with David Kline to sell the Provincetown property to him for a stated consideration. At that date, through certain changes permissible under the trust, the trustees were June, her son John D. Gutzler, and William E. Halliday. So, by the usual rule, which would require that all trustees join in such a transaction,[6] June lacked authority to bind the trust to the agreement, unless it should make a difference that the declaration of trust gave a controlling vote to June as the surviving settlor —

> "During the tenure of a settlor as trustee and the cotrustee is other than a settlor, the settlor shall have a deciding vote if the trustees shall be at variance upon any question arising in the course of their management of the business or property of the trust."

Some time after the making of the agreement with Kline, Halliday resigned as trustee.

Upon hearing that Kline was acting in the Provincetown transaction for Abe Saada, June refused to complete the sale. Thereupon Kline and Saada commenced the present action in Superior Court against June, "individually and as trustee of Gutzler Property Trust," to compel specific performance. For June's failure to answer interrogatories, a default judgment entered in the action with effect on October 7, 1982,[7] and an effort to open the judgment

---

[4] Also placed on record were instruments covering later developments within the trust.

[5] We do not trace certain changes of beneficiaries.

[6] See *Sadler* v. *Industrial Trust Co.*, 327 Mass. 10, 13 (1951); *Equilease Corp.* v. *D'Annolfo*, 6 Mass. App. Ct. 919 (1978); Loring, Trustee's Handbook § 30, at 102 (Farr rev. 1962).

[7] We need not follow the details of this entry of judgment.

to proceed with the action failed in the Superior Court and on appeal to this court. *Kline* v. *Gutzler*, 18 Mass. App. Ct. 915 (1984). The rescript of June 4, 1984, was docketed on July 5, 1984.[8]

The plaintiffs Kline and Saada had commenced enforcement proceedings under the judgment. They were met on June 21, 1984, by a motion on the part of the special administrators of the estate of June Gutzler — she had died on October 12, 1983[9] — under rule 60(b) (6), 365 Mass. 829 (1974) for relief from the judgment, and a motion by John D. Gutzler, now sole trustee of the Gutzler Property Trust, under rule 60(b) (4) for similar relief.[10] Passing by some argument about "indispensable parties," John's contention was that the agreement of sale did not bind the trust, and similarly the judgment could not bind the trust, since he, John, had not been consulted by June in the making of the agreement, and had not executed it (indeed he had not heard of the agreement until after it was made), and had not been joined as defendant in the action. The administrators contended that, so far as the judgment purported to bind June, individually, it was empty, because the 1974 conveyance should not be read as a grant of any interest to Robert, and hence June could receive no interest from Robert.

A judge of the Superior Court denied the rule 60(b) motions without explanation and the order is here on review. Pending this appeal, enforcement proceedings were stayed by a single justice of this court.

On the merits, we agree with the single justice that there is some strength, at least on the surface, in John's contention, for it does not necessarily follow that because June could outvote John, she could validly disregard him altogether and act alone.[11] The special administrators' contention also has apparent merit. In sum, the joint position of the movants is that the

---

[8] Neither the deed conveying the property to the trust (and perhaps also to Robert) nor the trust declaration was before the court at the time of this earlier decision.

[9] A suggestion of her death was filed in the action on June 21, 1984. See Mass.R.Civ.P. 25(a) (2), 365 Mass. 771 (1974).

[10] "Rule 60. RELIEF FROM JUDGMENT OR ORDER . . . (b) Mistake; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court. Writs of review, of error, of audita querela, and petitions to vacate judgment are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

[11] Cf. *In re Langdon*, 154 Misc. 252, 254 (N.Y. Sur. Ct. 1935).

default judgment was directed to a party (June individually and as trustee) who could not give effective specific performance.

On the technical side, the decision below was perhaps correct. However, it did not advance the case to a sensible resolution. The administrators needed no 60(b) (6) motion. As parties in the action by reason of the suggestion of death of June (see note 9, *supra*) they, in connection with any resumption of the enforcement proceedings, will represent the individual interest of their decedent, June, and will, apparently, take the position that they have no claim of ownership in the Provincetown parcel. John probably had no standing for a motion pursuant to 60(b) (4) because that, like the other numbered clauses of 60(b), seems to contemplate a motion by one who has been a party to the action.[12] But John may be conceived to have applied to intervene in the action for the purpose of questioning the basis of the enforcement proceedings, that is, asserting that the trust is bound neither by the agreement of sale nor the judgment.[13] We should also note the possibility that John may be able to claim the benefit of the next-to-last sentence of rule 60(b) which speaks of an "independent action"; this could be consolidated with the present action.[14] Indeed, on their claim of specific performance the plaintiffs need John in the lawsuit as trustee.

We do not venture any suggestion about the outcome of the action as it may be reconstituted.

The order denying rule 60(b) relief may stand. The action is remanded to the Superior Court for further development as indicated.

*So ordered.*

*David A. Guberman* for the defendants.
*Morris J. Gordon* (*David M. Stern* with him) for the plaintiffs.

---

[12] See *National Acceptance Co. of America, Inc.* v. *Frigid-Meats, Inc.*, 627 F.2d 764, 766 (7th Cir. 1980); *Mobay Chem. Co.* v. *Hudson Foam Plastics Corp.*, 277 F. Supp. 413, 416-417 (S.D. N.Y. 1967). But see *Dunlop* v. *Pan American World Airways, Inc.*, 672 F.2d 1044, 1051-1052 (2d Cir. 1982).

[13] See *Kupferman* v. *Consolidated Research Mfg. Corp.*, 459 F.2d 1072, 1074 n.1 (2d Cir. 1972).

[14] See 7 Moore's Federal Practice pars. 60.15, 60.36, 60.41 (2d ed. 1985 and 1984-85 Supp.).