ROSEMARY DELONGCHAMPS vs. CYNTHIA DUQUETTE. September 18, 1987. *Trust*, Real estate trust, Trustee's authority.

The defendant, Cynthia, appeals a judgment of the Superior Court granting the plaintiff, Rosemary, possession of a house at 144 Ettrick Street in Brockton. As part of a settlement in 1977 in connection with a divorce between Rosemary and her then husband, Edson R. Duquette, Jr., Rosemary had transferred her interest in the house to Edson. Edson subsequently married Cynthia and lived with her and their children in the Brockton house. In 1981 Edson, while married to Cynthia, transferred title in the house to a real estate trust, naming himself and Rosemary as cotrustees. The trust instrument is not part of the record.

Edson and Cynthia were divorced in 1984. Under the terms of a divorce agreement signed by both parties, Edson gave Cynthia the right to occupy the Brockton house until she remarried or their children were "emancipated". In consideration, Cynthia undertook to make monthly mortgage payments on the house to a local bank. While the 1984 agreement mentions that Edson owned the property with Rosemary as a cotrustee, Rosemary did not participate in drafting the document and had no knowledge of its contents prior to commencing this action. She did know, however, that Cynthia and her children continued to live in the house after the 1984 divorce and that Cynthia was making the mortgage payments.

On January 6, 1986, pursuant to a judgment of the Probate and Family Court for Plymouth County, Edson and Rosemary, as cotrustees, transferred sole ownership of the house to Rosemary. On February 13, 1986, pursuant to G. L. c. 186, § 12, Rosemary sent Cynthia a notice to quit possession and then commenced this summary process action. A second notice followed in April, 1986, and a Superior Court judge allowed the actions stemming from both eviction notices to be tried together.

The only issue on appeal is whether the agreement executed by Cynthia and Edson gave Cynthia an interest akin to a lease in the house at 144 Ettrick Street that binds Rosemary and so precludes eviction without a finding of fault.

The judge correctly ruled that it did not. Unless granted the specific power to do so by the terms of a trust, one trustee cannot act on behalf of the trust without the consent of his cotrustees. *Boston* v. *Robbins*, 126 Mass. 384, 388 (1879). *Equilease Corp.* v. *D'Annolfo*, 6 Mass. App. Ct. 919, 919 (1978). *Kline* v. *Reed*, 20 Mass. App. Ct. 940, 941 (1985). See Restatement (Second) of Trusts § 184 (1959); 3 Scott, Trusts § 194 (3d ed. 1967). In this case, Cynthia raised the divorce settlement as an affirmative defense and had the burden of proving that Edson had the authority to convey an interest in the trust property to her without the knowledge and consent of Rosemary, as cotrustee. See *Hughes* v. *Williams*, 229 Mass. 467, 470 (1918); *Benoit* v. *Fisher*, 341 Mass. 386, 389 (1960); Liacos, Massachusetts Evidence 41 (5th ed. 1981). Absent any such evidence, or any proof that Rosemary subsequently ratified the arrangement, 3 Scott, *supra* at 1608,

it had no binding effect on her or the trust itself. The judge's findings establish that this case does not involve the collusive elements that were pivotal to the decision in *Feldman* v. *Feldman*, 20 Mass. App. Ct. 309 (1985). Thus, Cynthia's interest in the house was no more than that of a tenant at will, one who occupies a building, for consideration, with the consent or at least the acquiesence of the owner. *Williams* v. *Seder*, 306 Mass. 134, 136 (1940). *Mastrullo* v. *Ryan*, 328 Mass. 621, 624 (1952). Park & Park Real Estate Law § 624 (2d ed. 1981). Cynthia has not argued that the notices to quit did not conform to the requirements of G. L. c. 186, § 12. Whatever remedies Cynthia may have run against Edson rather than Rosemary.

*Judgment affirmed.*

*John J. Perenyi* for the defendant.
*Thomas P. Gay* for the plaintiff.