**AGFA CORPORATION, Plaintiff—Appellant,**

v.

**Kathryn TAVARES, dba Flash One Hour Photo, Defendant—Appellee.**

No. 00–17417.
D.C. No. CV–99–02347–GEB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 14, 2002.

Decided May 31, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

284

Before SNEED, HUG, and BERZON, Circuit Judges.

### MEMORANDUM *

AGFA seeks recovery from Tavares for breach of an equipment lease agreement. Tavares was to make sixty monthly lease payments under the agreement, but ceased payment after three months. Tavares did not answer or otherwise plead in response to AGFA's complaint, and AGFA moved for a default judgment. The district court dismissed AGFA's complaint. We reverse. Because the parties are familiar with the facts, we will only repeat them as necessary to explain our ruling.

The district court, adopting the recommendations of the magistrate judge, dismissed AGFA's complaint because the complaint did not provide information about the residual value or resale of the equipment. AGFA had not yet received the equipment at the time it filed its complaint. One count of the complaint requested return of the equipment. The contract in this case specifies that it is governed by Massachusetts law. Under Massachusetts law, a seller of equipment is not obliged to "repossess the equipment and resell it to mitigate damages. To the contrary, the seller may sue for the price of the equipment." *Equilease Corp. v. D'Annolfo*, 6 Mass.App.Ct. 919, 379 N.E.2d 1130, 1131 (1978). Therefore, AGFA's complaint was not deficient.

After filing its complaint and some five months before the magistrate judge issued his report, AGFA did in fact repossess and resell the equipment. The magistrate judge appears to have been unaware of the sale. After the magistrate judge issued his findings, AGFA informed the dis-

trict court of the resale and conceded that its damages award should be reduced accordingly. Instead of dismissing the complaint, the district court should have granted default judgment but reduced the damages sought.

The magistrate judge also suggested that the damages provided for by the contract are unconscionable because they include the interest component of future scheduled payments. Though the magistrate judge's concerns may be valid in which case AGFA would receive less in damages than it requests the district court's decision does not reach this issue, nor do we. Instead, we simply reverse the dismissal and remand for a calculation of damages.

REVERSED and REMANDED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.